**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GROENEVELD TRANSPORT EFFICIENCY, INC.**<br>1130 Industrial Parkway North<br>Brunswick, OH 44212 | ) ) ) ) | CASE NO. _____<br><br>JUDGE _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **PLAINTIFF GROENEVELD** |
| **LUBECORE INTERNATIONAL, INC.**<br>7053 Twiss Road<br>Campbellville, ON  L0P 1B0<br>Canada | ) ) ) ) ) | **TRANSPORT EFFICIENCY, INC.'S COMPLAINT FOR PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, MONEY DAMAGES, AND OTHER RELIEF** |
| Defendant. | ) ) ) | **[Jury Demand Endorsed Hereon]** |

For its Complaint against Defendant Lubecore International, Inc. ("Defendant"), Plaintiff Groeneveld Transport Efficiency, Inc. ("Groeneveld") states and alleges as follows:

## PARTIES

1.      Groeneveld is an Ohio corporation with its principal place of business in Brunswick, Ohio.

2.      Defendant is an Ontario corporation with its principal place of business in Campbellville, Ontario, Canada.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a), as Groeneveld alleges violations of a federal statute – 15 U.S.C. §1125(a) (the Lanham Act) – and pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of

different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367(a) and § 1338(a), this Court has supplemental jurisdiction over the state statutory and common law claims asserted in this Complaint.

4. This Court has personal jurisdiction over Defendant pursuant to the Ohio Long-Arm Statute, Ohio Rev. Code § 2307.382, on the basis that, among other things, Defendant transacts business in this state, contracts to supply services or goods in this state, caused tortious injury by an act or omission in this state, caused tortious injury in this state by an act or omission outside this state and regularly does or solicits business or engages in a persistent course of conduct in this state, and/or caused tortious injury in this state by an act outside this state committed with the purpose of injuring persons when it might have reasonably expected to cause injury in this state. Further, Defendant's unlawful conduct was intentional, was intentionally directed to cause harm to Groeneveld, and caused harm to Groeneveld in Ohio. In the alternative, this Court has personal jurisdiction over defendant pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(c), as this Court has personal jurisdiction over Defendant.

## GENERAL ALLEGATIONS

6. Groeneveld is the United States distributor of products manufactured by its parent company Groeneveld Groep B.V., including automatic lubrication systems (also known as "greasing systems") and their components, supplies, and parts.

7. Automatic lubrication systems are used in a variety of applications, including what is known as "over the road" or "transport" applications where grease/lubrication is regularly delivered automatically, during operation, to the moving parts (also called "greasing

points") of large trucks, trailers, buses, and similar vehicles at certain time intervals during operation.

8.      Groeneveld's over-the-road automatic single-line O-grease greasing system (known as the "EP-0 Product") operates as follows:  a timer in the cab of the vehicle triggers the system's solenoid valve, which delivers air pressure to the pump (bolted to the frame rail on the vehicle's exterior); the pump then translates air pressure into grease pressure, forcing the grease/lubrication in the pump's reservoir through the main distribution line to distribution blocks located throughout the vehicle; the grease/lubrication is then delivered by separate distribution lines to the vehicle's various greasing points.

9.      Groeneveld's EP-0 Product was originally designed by a Groeneveld affiliate in 1979 and has been on the market for more than 25 years.  During that time, Groeneveld and its affiliates have sold more than one million units.

10.      "Groeneveld" is a recognized brand, with an international presence.  Groeneveld is a recognized leader in the industry.

11.      The design of Groeneveld's EP-0 Product – including the size, shape, and placement of the pump, and the arrangement and presentation of the system's other component parts – is unique and distinctive in the marketplace, distinguishing its visual image and overall appearance from its competitors' over-the-road automatic single-line O-grease greasing systems.

12.      The above-noted design components of Groeneveld's EP-0 Product are non-functional.

13.      Groeneveld has expended significant resources to develop and design its EP-0 Product, and to create in the public's mind an association between its system's appearance and Groeneveld, as the manufacturer and source of that system.

3

14.    The public has come to recognize the EP-0 Product as a Groeneveld product by virtue of its unique design, visual image, and overall appearance.

15.    Defendant has had access to and has familiarity with the details about Groeneveld's EP-0 Product.

16.    Defendant is manufacturing and distributing an over-the-road automatic single-line O-grease greasing system ("Defendant's System") that looks virtually identical to Groeneveld's EP-0 Product.  The location and placement of the pump's body and other parts is the same in Defendant's System as in Groeneveld's EP-0 Product; the size and shape of the pump are the same; the size and shape of the reservoir (where the grease is held) are the same; the size, shape, and color of the reservoir cap are the same; the location of the bleeder lines, the identification plate, the bolt plate, the valves, the gauges, the refill fittings, the injector blocks, the pressure switch, the air intake, and the grease output are the same; and the mounting bolt pattern is the same.

17.    Worldwide, there are only a handful of manufacturers of over-the-road automatic single-line O-grease greasing systems that directly compete with Groeneveld's EP-0 Product. The design features and components of the over-the-road automatic single-line O-grease greasing systems manufactured and distributed by Groeneveld's other competitors, and the overall appearances and visual images of those systems, are significantly different than Groeneveld's EP-0 Product.

18.    The design and appearance of Defendant's System is confusingly similar to Groeneveld's EP-0 Product, has caused actual confusion in the marketplace, and/or is likely to cause confusion as to the source, sponsorship, affiliation, and/or association of those products.

4

19.     Attached as Exhibit A are true and accurate copies of photographs and/or drawings depicting Groeneveld's EP-0 Product.

20.     Attached as Exhibit B are true and accurate copies of photographs and/or drawings depicting Defendant's System.

21.     Attached as Exhibit C are true and accurate copies of photographs depicting other manufacturers' competing over-the-road automatic lubrication systems.

22.     The attached photographs and drawings visually demonstrate the striking similarities in the overall appearances of Groeneveld's EP-0 Product and Defendant's System, as well as the obvious dissimilarities between their products and the competing systems manufactured by others.

23.     Defendant's imitation of Groeneveld's design was intentional, as evidenced by the striking similarities in the overall appearance of Groeneveld's EP-0 Product and Defendant's System, as well as Defendant's precise replication of so many of Groeneveld's unique, non-functional design components and features.

24.     Defendant has sold, distributed, and/or attempted to sell or distribute its System to known Groeneveld third-party distributors.

25.     Defendant has sold, distributed, and/or attempted to sell or distribute its System to known Groeneveld customers.

26.     Defendant attends the same trade shows as Groeneveld, and it uses the same distribution and marketing channels as Groeneveld.

27.     Defendant has hired and has solicited for hire current and former Groeneveld employees.

28.     Defendant is using known Groeneveld third-party installers to install its System in customers' vehicles.

29.     On information and belief, Defendant and/or its agents or representatives have falsely represented and/or misleadingly conveyed to the public that its System is the same as or equivalent to Groeneveld's EP-0 Product.

30.     Defendant's replication of Groeneveld's unique product design; its seeking out and hiring Groeneveld employees and distributors; its use of Groeneveld installers; its adoption of the same distribution and marketing channels; its solicitation of the same customers; its false or misleading representations to the public that its System is the same as or is equivalent to the Groeneveld product; and its other misconduct were clearly calculated to confuse consumers about the source, affiliation, association, and/or sponsorship of Defendant's System and unlawfully divert sales from Groeneveld to Defendant.

31.     Defendant's conduct has had a substantial effect on United States commerce.

## COUNT ONE

32.     Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 31 as though fully rewritten herein at length.

33.     The design of Groeneveld's EP-0 Product and its overall appearance are unique and distinctive in the marketplace.

34.     That distinctiveness indicates the source of Groeneveld's EP-0 Product, and Groeneveld's trade dress is protectable.

35.     Groeneveld's design features and components that Defendant has copied and is copying are non-functional.

36.     As a result of Groeneveld's extensive sales, advertising, and promotion of its EP-0 Product, Groeneveld's EP-0 Product design has acquired secondary meaning indicative of origin,

affiliation, sponsorship and/or association with Groeneveld; and the trade and purchasing public is likely to attribute Defendant's use of Groeneveld's design as a source of origin, authorization, affiliation, and/or sponsorship of Defendant's products, and to purchase Defendant's products with that erroneous belief.

37.     The design and overall appearance of Defendant's System is confusingly similar to Groeneveld's EP-0 Product and tend to falsely represent or designate the source of Defendant's products as being affiliated with, connected with, or associated with Groeneveld and tend falsely to represent or designate that Defendant's products originate with, are sponsored or approved by, or are otherwise connected with Groeneveld when in fact Defendant is neither connected with nor authorized by Groeneveld; and Defendant's conduct is likely to cause confusion or mistake, or to deceive the trade and purchasers as to the origin, sponsorship, association, or approval of Defendant's System.

38.     Defendant's imitation of Groeneveld's design is intentional, deliberate, and willful and has been and continues to be likely to cause confusion or mistake in the marketplace and to deceive purchasers.  It was done with the intention of passing off its products as those of Groeneveld, or as authorized by, affiliated, with, or sponsored by Groeneveld, and it has had an economic effect on interstate commerce.

39.     Defendant's conduct constitutes trade dress infringement, in violation of 15 U.S.C. § 1125(a).

40.     Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld for which there is no adequate remedy at law and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

## COUNT TWO

41.     Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 40 as though fully rewritten herein at length.

42.     Defendant's advertising, promotion, offer for sale, and sale of its System using Groeneveld's EP-0 Product design: (a) constitutes the use of false designations of origin and tend falsely to represent or designate the source of Defendant's System as being affiliated with, connected with, or associated with Groeneveld and tend falsely to represent or characterize Defendant's System as originating with, sponsored or approved by, or otherwise connected with Groeneveld, when in fact Defendant's System is neither connected with nor authorized, approved, or sponsored by Groeneveld; and (b) are likely to cause confusion or mistake in the marketplace or to deceive the trade and purchasers as to the origin, sponsorship, association, affiliation, or approval of Defendant's System.

43.     By using Groeneveld's design, Defendant's System misrepresents and falsely portrays to the public the origin and source of Defendant's System, and creates a likelihood of confusion in the marketplace and to purchasers of those products about the origin and source of Defendant's System.

44.     Defendant's acts that are described in this Complaint have been committed without the authorization or consent of Groeneveld.

45.     Defendant's conduct constitutes unfair competition, in violation of 15 U.S.C. § 1125(a).

46.     Defendant's conduct is intentional, deliberate, and willful.

47.    Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

## COUNT THREE

48.    Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 47 as though fully rewritten herein at length.

49.    Defendant's and/or its agent's or representative's statements in advertisements, communications, and/or announcements to distributors, customers, others in the industry, and the public – falsely representing or misleadingly conveying that its System is the same as or is equivalent to Groeneveld's EP-0 Product – are false descriptions and/or representations of fact regarding the characteristics and qualities of Defendant's System.

50.    Defendant's and/or its agent's or representative's advertisements, communications, and/or announcements actually deceive or tend to deceive a substantial portion of the intended audience.

51.    Defendant's and/or its agent's or representative's advertisements, communications, and/or announcements are material in that they will likely influence the deceived consumer's purchasing decisions.

52.    Defendant's and/or its agent's or representative's advertisements, communications, and/or announcements were introduced into interstate commerce.

53.    Defendant's acts that have been described in this Complaint have been without the authorization or consent of Groeneveld.

54.    Defendant's conduct constitutes false advertising and misrepresentation of quality, in violation of 15 U.S.C. § 1125(a).

55.     Defendant's conduct is intentional, deliberate, and willful.

56.     Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

## COUNT FOUR

57.     Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 56 as though fully rewritten herein at length.

58.     Defendant's conduct constitutes deceptive trade practices, in violation of Ohio Rev. Code § 4165.02, *et seq*.

59.     Defendant's conduct was and is intentional, deliberate, and willful.  It was and is intended to pass off Defendant's System as a Groeneveld product and/or cause confusion or misunderstanding as to the source, sponsorship, affiliation, or approval of Defendant's System, to cause confusion or misunderstanding about the affiliation, connection, or association of Defendant's products with Groeneveld, and to misrepresent the qualities or characteristics of Defendant's products.

60.     Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

## COUNT FIVE

61.     Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 60 as though fully rewritten at length.

62.     Defendant's conduct constitutes unfair competition, in violation of Ohio common law.

63.     Defendant's conduct is intentional, deliberate, and willful.

64.     Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

## COUNT SIX

65.     Groeneveld incorporates herein by reference all allegations set forth in paragraphs 1 through 64 as though fully rewritten herein at length.

66.     Defendant's conduct has unlawfully interfered with Groeneveld's contractual and/or business relationships with customers, distributors, and third-party installers and has created confusion in the marketplace.

67.     Defendant knew or should have known of Groeneveld's existing and prospective contractual and/or business relationships

68.     Defendant's conduct was and is intentional, deliberate, and willful.  It was and is intended to cause Groeneveld's existing customers to discontinue or terminate their contractual and/or business relationships with Groeneveld and to prevent prospective customers from entering into contractual and/or business relationships with Groeneveld in order to improperly and unfairly divert such business to Defendant.

69.     Defendant's conduct has harmed and continues to cause harm to Groeneveld in an amount that will be proven at trial, has caused irreparable harm to Groeneveld and, unless enjoined, will continue to cause irreparable harm to Groeneveld.

70.     Defendant's interference with Groeneveld's existing and prospective contractual and/or business relationships was done in bad faith and with malice, entitling Groeneveld to an award of punitive damages.

WHEREFORE, Plaintiff Groeneveld Transport Efficiency, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant on its Complaint as follows:

(A)     Money damages in an amount to be proven at trial, plus interest;

(B)     An accounting of, and recovery of, Defendant's profits in connection with sales of its System;

(C)     Preliminary and permanent injunctive relief:

      (1)     Enjoining and restraining Defendant from using Groeneveld's single-line O-grease automatic lubrication system design;

      (2)     Enjoining and restraining Defendant from using any of Groeneveld's designs to manufacture any automatic lubrication systems;

      (3)     Enjoining and restraining Defendant from selling or distributing or offering for sale its single-line O-grease automatic lubrication system, and any other automatic lubrication systems that imitate Groeneveld's product designs;

      (4)     Enjoining and restraining Defendant from selling its automatic lubrication systems, offering them for sale, or promoting them to Groeneveld's customers and prospective customers;

      (5)     Enjoining and restraining Defendant from soliciting Groeneveld third-party distributors and third-party installers;

      (6)     Enjoining and restraining Defendant from selling or distributing its component parts and supplies for use in Groeneveld automatic lubrication systems;

      (7)     Ordering Defendant to destroy all automatic lubrication systems in its inventory or within its control that imitate Groeneveld's product designs;

      (8)     Ordering Defendant to retrieve or re-purchase from third parties its automatic lubrication systems that imitate Groeneveld's product designs;

      (9)     Ordering Defendant to execute a letter of acknowledgement, admitting its wrongful and unlawful use of Groeneveld's product designs, for Groeneveld's use and/or publication in any manner that Groeneveld deems fit; and

     (10)    Ordering Defendant to produce a verified accounting of its sales of its infringing products, its production costs and expenses, and its profits.

(D)    Punitive damages;

(E)    Attorneys' fees and costs, including but not limited to fees and costs authorized by 15 U.S.C. § 1117(a); and

(F)    Such further and other relief as this Court deems just and proper.

Respectfully submitted,

DEBORAH J. MICHELSON (0059044)
DAVID KUNSELMAN (0073980)
MILLER GOLER FAEGES LLP
100 Erieview Plaza, 27th Floor
Cleveland, Ohio 44114-1835
(Phone) 216-696-3366 • (Fax) 216-363-5835
Michelson@MillerGolerFaeges.com
Kunselman@MillerGolerFaeges.com

**Counsel for Plaintiff**
**Groeneveld Transport Efficiency, Inc.**

## JURY DEMAND

Groeneveld hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEBORAH J. MICHELSON (0059044)
DAVID KUNSELMAN (0073980)
MILLER GOLER FAEGES LLP
100 Erieview Plaza, 27th Floor
Cleveland, Ohio 44114-1835
(Phone) 216-696-3366 • (Fax) 216-363-5835
Michelson@MillerGolerFaeges.com
Kunselman@MillerGolerFaeges.com

*Counsel for Plaintiff*
*Groeneveld Transport Efficiency, Inc.*

14