UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GROENEVELD TRANSPORT EFFICIENCY, INC.,** | ) ) ) | **CASE NO. 1:10 CV 702** |
| Plaintiff, | ) ) | **JUDGE DONALD C. NUGENT** |
| v. | ) ) | |
| **LUBECORE INTERNATIONAL, INC.,** | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Stay Action Pending Outcome of Parallel Proceedings in Ontario, Canada. (Docket #16). Defendant, Lubecore International, Inc., moves to stay this action pursuant to the international abstention doctrine, arguing that there is a pending, parallel proceeding in Ontario, Canada. Plaintiff, Groeneveld Transport Efficiency, Inc., opposes Lubecore's Motion to Stay, asserting that the cases are not substantially similar and do not involve substantially the same parties or claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

Groeneveld Transport Efficiency, Inc. ("Groeneveld") filed its Complaint for Preliminary Injunction, Permanent Injunction, Money Damages and Other Relief against Lubecore in this case on April 2, 2010. (Docket #1.) Lubecore, an Ontario corporation with its principal place of business in Ontario, Canada, is a distributor of automatic lubrication systems. Jan Eisses is Lubecore's owner and President. Groeneveld, an Ohio corporation, with its principal place of business in Brunswick, Ohio, is a distributor of products manufactured by its parent company, Groeneveld B.V., a Dutch company, including automatic lubrication systems and their

components, supplies, and parts.

Groeneveld alleges that Lubecore violated the Lanham Act, 15 U.S.C. § 1125(a), and Ohio statutory and common law, by intentionally manufacturing, marketing and distributing a product so similar to the EP-0 automatic greasing system manufactured and distributed by Groeneveld, that it has allegedly caused or is likely to cause confusion as to the source, sponsorship, affiliation and/or association in the marketplace.  Groeneveld claims that Lubecore intentionally falsely represented or misleadingly conveyed that the Lubecore product is the same as or is the equivalent to Groeneveld's EP-0 Product.  Lubecore seeks to stay this action, arguing that the parties and claims are substantially similar to a pending case in Ontario.

**The history of the Parties' relationship is as follows:**

Mr. Eisses founded CPL Systems, Canada, Inc. in 1988, and sold it to Groeneveld Transport Efficiency International Holding B.V. ("Groeneveld B.V."). After the sale, Mr. Eisses continued to be employed by Groeneveld-CPL, a wholly-owned subsidiary of Groeneveld B.V. According to Mr. Eisses, he was constructively discharged from Groeneveld-CPL on January 28, 2007, for protesting a change in direction that he believed would have hurt the long-term performance of the U.S. subsidiaries under his management.  On February 8, 2007, Mr. Eisses filed a lawsuit against Groeneveld-CPL in Ontario, Canada, asserting claims for breach of contract and constructive dismissal.  Groeneveld-CPL asserted various claims and defenses in response to the Mr. Eisses's claims and the Parties are still conducting discovery at this time.

On May 3, 2007, following Mr. Eisses's resignation, Groeneveld B.V.'s U.S. subsidiaries filed a Complaint in this Court, Case No. 1:07 CV 1298, asserting claims that Mr. Eisses breached his duties as an officer or director as to all of the U.S. subsidiaries of Groeneveld B.V.,

in violation of Ohio Rev. Code § 1701.59(B), and breached the fiduciary duties owed to the U.S. subsidiaries as an officer and director.  On July 2, 2007, in Case No. 1:07 CV 1298, Mr. Eisses filed a Motion to Stay or Dismiss Action Pending Outcome of Parallel Proceedings in Ontario, Canada (Docket #12).  On September 18, 2007, this Court granted Mr. Eisses's Motion to Stay (Docket #22), finding as follows:

> Mr. Eisses is the plaintiff in the foreign action and a defendant in the federal action in Cleveland.   The other party in the foreign action is Groeneveld-CPL and the plaintiffs in the federal action here are the US Subsidiaries of Groeneveld.  Thus, while the parties are not identical, all of the Groeneveld entities are wholly owned subsidiaries of Groeneveld in which Mr. Eisses was an officer or director.  Further, both actions involve claims or defenses regarding Mr. Eisses performance of his duties as an officer or director in the Groeneveld companies.  Both actions were filed after Mr. Eisses was separated from employment with Groeneveld.  Accordingly, the Court finds that these are parallel actions.
>
> Moving on to an analysis of the considerations for and against abstention, the Court finds that the factors weigh more heavily in favor of abstention.  The foreign action was filed first and has progressed further than this action.  Cleveland is an inconvenient forum for Mr. Eisses who resides in Campbellville, Ontario.  Moreover, Mr. Eisses performed his duties for Groeneveld, including his duties relating to the U.S. Subsidiaries, in Canada.  Finally, many of the Groeneveld executives involved in the conflict with Mr. Eisses reside in the Netherlands.  On the whole, it appears that Cleveland is a more inconvenient forum than Ontario and the Ontario Superior Court is an adequate forum. While the Court will not call the action at bar vexatious or contrived, it is clearly related to the Canadian action in that it appears to be a club that Groeneveld is using to affect resolution of the Ontario action.  Most importantly, abstention in this case will avoid piecemeal litigation and avoid waste of judicial resources.  Accordingly, this action will be stayed pending resolution of the Ontario action.

In January 2008, Groeneveld-CPL filed an amended Statement of Defence and Counterclaim in the Ontario lawsuit, including allegations that Eisses/Lubecore copied the Groeneveld lubrication system design; marketed it as a "new and improved version" of the Groeneveld system; and, unlawfully solicited customers of Groeneveld-CPL.

3

On December 11, 2008, this Court dismissed Case No. 1:07 CV 1298, without prejudice, stating that all statues of limitations would be tolled and the Parties were given leave to move to re-instate the action within 30 days of the conclusion of the Ontario lawsuit if unresolved issues remained that needed to be litigated in this Court.

The instant action was filed on April 2, 2010 and, as discussed above, raises Federal and State law claims distinct from those raised in Case No. 1:07 CV 1298.

## DISCUSSION

Lubecore asks this Court to abstain from exercising jurisdiction in this action based upon the doctrine of international abstention, which is an extension of the principal of state court abstention recognized by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  In *Colorado River,* the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River,* 424 U.S. at 817; *Romine v. Compuserve Inc.,* 160 F.3d 337, 339 (6th Cir.1998). "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine,* 160 F.3d at 339.

Declining jurisdiction under *Colorado River* rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Colorado River,* 424 U.S. at 817.  These considerations create a narrow exception where courts may decline jurisdiction in deference to parallel state court proceedings.  The threshold question in *Colorado River* abstention is whether there exists a proceeding in state court parallel to the federal court

4

proceeding. *Romine,* 160 F.3d at 339; *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir.1984). The state court proceedings need not be identical, but merely substantially similar. *Id.* at 340; *see also Bates v. Van Buren Twp.,* 122 Fed. Appx. 803, 806 (6th Cir.2004) "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Bates,* 122 Fed. Appx. at 806 (citing *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir.1990)).

Courts apply the same general principles with respect to parallel proceedings in a foreign court. See *Finova Capital Corp. v. Ryan Helicopters U.S.A.*, 180 F.3d 896 (7th Cir. 1999).  First the Court should determine if the federal and foreign proceedings are parallel.  "Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* at 898 (citations omitted).  Secondly, the Court must weigh the considerations for and against abstention.  Courts have considered a number of factors including (1) the identity of the court that first assumed jurisdiction; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim.  *Finova*, 180 F.3d at 898.

The Parties in this action are substantially the same as the Parties in the Ontario lawsuit. Mr. Eisses is the owner and President of Lubecore, and Groeneveld-CPL and Groeneveld Transport Efficiency, Inc. are both wholly-owned subsidiaries of their parent-corporation, Groeneveld B.V.  However, unlike the case filed by Groeneveld against Mr. Eisses in 2007, the

5

claims in this case are not substantially the same as those raised in the Ontario case.

In the instant case, Groeneveld asserts claims under United States and Ohio law that the product distributed by Lubecore is so similar to the Groeneveld product that it is confusing and misleading to the public as to origin. Groeneveld asserts that Lubecore intentionally imitated its design to pass off its products as those of Groeneveld. The Ontario case is an employment action. There may indeed be facts which are relevant to both Ontario case and the instant action. For example, Groeneveld states in the Complaint in this case that Lubecore sought out and hired Groeneveld employees and distributors; that Lubecore used Groeneveld installers; that Lubecore adopted Groeneveld's distribution and marketing channels; and, that Lubecore solicited Groeneveld's customers. If proven to be true, these facts may be relevant to the claims that Mr. Eisses violated Canadian law or the employment agreements at issue in the Ontario case. However, in this case, these facts are alleged as they relate to Lubecore's alleged intention to confuse customers, in violation of United States and Ohio law, not the employment dispute between the Parties. The claims are not substantially the same.

It is important to note that while the Ontario case has been pending since 2007, the Parties have indicated that it is likely to be years away from resolution. Given that the claims in this case are distinct from those raised in the Ontario case, proceeding in this case will not serve to prejudice the Parties. Lubecore argued in support of its Motion to Stay that the Parties will expend unnecessary resources duplicating discovery should the case proceed in this Court. However, as discussed by the Parties at the Case Management Conference, the factual discovery relevant to the federal and state claims raised in this case is likely to be somewhat different from the factual discovery related to the Ontario case. To the extent that relevant discovery has been

completed in the Ontario case, then it is readily available to the Parties.

Finding that the cases do not involve substantially the same issues, they are not parallel proceedings and the Motion to Stay filed by Defendant, Lubecore International, Inc. (Docket #16) is hereby DENIED.

Groeneveld's Motion for Preliminary Injunction is hereby referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation. A hearing will be held before Magistrate Judge Baughman on September 8, 2010 at 9:00 a.m. A Report and Recommendation will be issued on or before October 8, 2010.

IT IS SO ORDERED.

    s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 27, 2010