**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GROENEVELD TRANSPORT EFFICIENCY, INC.,** | ) ) ) | **CASE NO. 1:10 CV 702** |
| Plaintiff, | ) ) | **JUDGE DONALD C. NUGENT** |
| v. | ) ) | |
| **LUBECORE INTERNATIONAL, INC.,** | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant, Lubecore International, Inc.'s Motion for Protective Order or to Quash or Modify Subpoenas filed on October 1, 2010 (Docket #45). Lubecore moves the Court for a protective order or to quash subpoenas served upon three of Lubecore's customers, stating as follows:

> The subpoenas - which serve no purpose other than to interfere with Lubecore's lawful business activities and harm its existing business relationships - make unduly broad and burdensome demands and seek to obtain highly sensitive and confidential business information that Lubecore has objected to producing in this litigation.

Lubecore asserts that much of the information sought by Groeneveld from these third parties is the same information already sought from Lubecore, "of which some of it has been or will be produced" pursuant to a Confidentiality Agreement/Protective Order.  Plaintiff, Groeneveld Transport Efficiency, Inc., filed its Memorandum in Opposition to Defendant's Motion on October 1, 2010 (Docket #63), arguing that the subpoenas, served upon three distributors of Lubecore products in the United States, are fully compliant with Fed. R. Civ. P. 45 and that Lubecore does not have standing to challenge the validity of the subpoenas, having

failed to demonstrate any personal right or privilege in relation to the documents sought.

## Discussion

In an Order dated July 20, 2011, the Court denied Groeneveld's Motion to Compel Discovery from Lubecore (Docket #119), stating as follows:

> The Court has reviewed the Parties' Motions in detail and, based upon that review, believes that a more detailed explanation of the discovery sought and the basis upon which the information sought is discoverable is necessary. However, given that Groeneveld indicated the additional discovery is not necessary to the Court's decision on its pending summary judgment motion, the Court hereby DENIES Plaintiff's Motion to Compel (Document #99) at this time. Following the Court's decision as to the pending Motions for Summary Judgment, Groeneveld may file a Motion to Compel, if necessary, subject to the instruction that Groeneveld provide a more detailed analysis of the legal basis for each of its discovery requests.

Likewise, it is unreasonable at this time to require third parties to produce discovery when it is unnecessary to the disposition of Groeneveld's pending Motion for Summary Judgment. The Parties have yet to resolve their own discovery disputes as to the production of information that Lubecore deems privileged and/or proprietary and, therefore, it is premature to ask third parties to incur the burden and expense of producing information that may not be discoverable or relevant to these proceedings.

## Conclusion

Lubecore's Motion to Quash is DENIED. Lubecore's Motion for Protective Order is GRANTED. Groeneveld shall notify the third parties subpoenaed by Groeneveld that said third parties shall refrain from producing any discovery responsive to Groeneveld's requests until such time as the Court has ruled upon the pending motions for summary judgment and after resolution of the discovery disputes between the named Parties to this lawsuit.

IT IS SO ORDERED.

                                                                            s/Donald C. Nugent
                                                                            DONALD C. NUGENT
                                                                            United States District Judge

DATED:   July 26, 2011