UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| LUBECORE INTERNATIONAL, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Lubecore International, Inc. (Docket #91) and the Motion for Partial Summary Judgment filed by Plaintiff, Groeneveld Transport Efficiency, Inc. (Docket #92). For the reasons set forth below, the Motions for Summary Judgment filed by both Parties are hereby DENIED.

### Background

On April 2, 2010, Groeneveld Transport Efficiency, Inc. ("Groeneveld") filed its Complaint for Preliminary Injunction, Permanent Injunction, Money Damages and Other Relief against Lubecore. (Docket #1.) Groeneveld alleges that Lubecore violated the Lanham Act, 15 U.S.C. § 1125(a), and Ohio statutory and common law, by intentionally manufacturing, marketing and distributing a product so similar to the EP-0 automatic greasing system manufactured and distributed by Groeneveld, that it has allegedly caused or is likely to cause confusion as to the source, sponsorship, affiliation and/or association in the marketplace.

Groeneveld claims that Lubecore intentionally falsely represented or misleadingly conveyed that the Lubecore product is the same as or is the equivalent to Groeneveld's EP-0 Product.

Groeneveld's Motion for Preliminary Injunction was denied after a hearing before Magistrate Judge Baughman. (Docket #88.) As set forth in the very thorough and well-reasoned Memorandum Opinion and Order, the Magistrate Judge determined that Groeneveld failed to establish a likelihood of success on its claims that Lubecore created confusion in the marketplace as to the origin of these respective pumps by infringing on any protected trade dress or engaging in any actionable unfair competition or deceptive trade practices.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the

2

threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### Conclusion

The evidence before the Court demonstrates the existence of a myriad of mutual factual disputes which may reasonably be resolved in favor of either party. Accordingly, the Motions for Summary Judgment filed by the Parties (Docket #s 91 and 92) are hereby DENIED.

A jury trial is scheduled for October 13, 2011 at 8:30 a.m. Trial order to issue.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 26, 2011