UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LUBECORE INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 1:10-CV-00702 <br><br> JUDGE DONALD C. NUGENT <br><br> MAGISTRATE JUDGE BAUGHMAN <br><br> **MOTION IN LIMINE TO EXCLUDE REPORT OF AND TESTIMONY BY "REBUTTAL" EXPERT DR. MAJID RASHIDI** |

Defendant Lubecore International, Inc. ("Lubecore") respectfully moves this Court for an Order excluding the testimony of Plaintiff Groeneveld Transport Efficiency, Inc.'s ("Groeneveld") so-called "rebuttal" expert, Dr. Majid Rashidi. Groeneveld identified Dr. Rashidi as a rebuttal expert and produced his "expert report" on Sunday, October 9, 2011 at 10:44 p.m.

Dr. Rashidi is being offered to rebut the testimony of Martin Vermeulen – a fact witness. This is improper. "Rebuttal experts may not be used to contradict or rebut fact witnesses." *See Nippo Corp. v. Amec Earth & Environmental, Inc.*, 2011 U.S. Dist. LEXIS 34994, *15 (E.D. Pa March 30, 2011); *see also Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 U.S. Dist. LEXIS 52792, *8 (E.D. Ca. May 17, 2011) (rejecting a rebuttal expert report offered in response to a lay witness in a trademark infringement case: "Rule 26(a)(2) explicitly limits rebuttal expert reports to contradicting expert evidence offered by another party.")(emphasis in original); Civ. R. 26(a)(2)(D)(ii).

Here, it is undisputed that Lubecore did not disclose any expert evidence. Mr. Vermeulen – who was identified in both Lubecore's Initial Disclosures and Interrogatory

Responses as the engineer of Lubecore's product – is not an expert witness and Lubecore made no attempt to qualify him as an expert witness during his trial deposition. Further, Mr. Vermeulen did not prepare or produce any kind of report for use in this litigation, expert or otherwise. Thus, in the absence of expert reports for Groeneveld to "contradict or rebut," Groeneveld's proffered expert rebuttal expert report cannot constitute "rebuttal" evidence within the meaning of Civ. R. 26(a)(2)(D)(ii).

Lubecore also incorporates its arguments in its Motion in Limine to Prohibit Plaintiff from Offering Expert Testimony at Trial (Doc. 139), as all of those arguments also apply to Dr. Rashidi's disclosure and form an independent basis for his exclusion from the trial.

For the foregoing reasons, Lubecore respectfully requests that the Court grant its Motion in Limine and issue an Order prohibiting Groeneveld from offering any Dr. Rashidi as a witness at trial.

Respectfully submitted,

/s/ Melissa L. Zujkowski
Thomas L. Anastos (0043545)
Melissa L. Zujkowski (0078227)
Jill Yutzy Coen (0084089)
ULMER & BERNE LLP
1660 W. 2nd Street, Ste 1100
Cleveland, Ohio 44113-1448
Ph. (216) 583-7000
Fax (216) 583-7001
tanastos@ulmer.com
mzujkowski@ulmer.com
jcoen@ulmer.com

Attorneys for Lubecore International, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2011 a copy of Defendant's Motion in Limine to Prohibit Plaintiff from Offering Expert Testimony During the Trial of this Matter was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ *Melissa L. Zujkowski*
        One of the Attorneys for Defendants

CLEV1997 1928527v1
35630.00000