# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GROENEVELD TRANSPORT EFFICIENCY, INC.,** | ) ) ) | **CASE NO. 1:10 CV 702** |
| | ) | **JUDGE DONALD C. NUGENT** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **JUDGMENT** |
| **LUBECORE INTERNATIONAL, INC.** | ) ) | |
| **Defendant.** | ) | |

The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury returned a unanimous Verdict for the Plaintiff Groeneveld Transport Efficiency, Inc. ("Groeneveld") against the Defendant, Lubecore International, Inc., ("Lubecore") on Plaintiff's claim of Trade Dress Infringement under the Lanham Act, 15 U.S.C. § 1125(a) and awarded damages in the amount of $1,225,000.00.

Groeneveld asserted six claims at trial. Counts 1 through 3 alleged that Lubecore committed infringement of the "trade dress" of Groeneveld's product; unfair competition; and false advertising and misrepresentation of quality in violation of the Lanham act, 15 U.S.C. § 1125(a). Count 4 asserted a claim for violation of Ohio's Deceptive and Trade Practices Act, and Counts 5 and 6 asserted claims for unfair competition and tortious interference with contractual or business relationships under Ohio common law.

The trial commenced on October 13, 2011. A Jury of twelve was duly impaneled and sworn pursuant to Fed. R. Civ. P. 39(c)(1). Opening statements of counsel were made. Plaintiff called the following witness(es): (1) Willem van der Hulst. Court was then adjourned until

October 14, 2011 at 8:15 a.m.

The trial continued on October 14, 2011. Plaintiff called the following witness(es): (2) Kees Wapenaar; (3) Michael DeCleene; (4) William Koppelman, Jr., by video tape deposition; (5) Orville Ancona White; (4) William Koppelman, Jr., continued. Court was then adjourned until October 17, 2011.

The trial continued on October 17, 2011. Plaintiff called the following witness(es): (4) William Koppelman, Jr. video deposition continued; (6) Jennifer Wolfe; (7) Dean Osborne by video deposition; (8) Jan Eisses by written deposition, cross examination only; (9) Scott Markham by video deposition; and (10) Gail M. Wilson. Court was then adjourned until October 18, 2011.

The trial continued on October 18, 2011. Plaintiff called the following witness(es): (10) Gail M. Wilson, continued; (11) John F. Burke, Jr. Plaintiff rested. The Defendant called the following witness(es): (1) Martin Vermuelen by video depositon; and (2) Jan Eisses. Court was then adjourned until October 19, 2011.

The trial continued on October 19, 2011. Defendant called the following witness(es): (1) Martin Vermuelen by video deposition; and (2) Jan Eisses, continued. Court was then adjourned until October 20, 2011.

The trial continued on October 20, 2011. The Defendant called the following witness(es): (2) Jan Eisses, continued; and (3) Susan Coker. The Defendant rested. Defendant's Motion pursuant to Fed. R. Civ. P. 50 was granted as to Counts 2, 3, 4, 5, and 6. Court reserved ruling as to Count 1. Closing arguments were made and the Court instructed the Jury on the law. Thereafter, the Jury retired to deliberate. The Jury, in open court, returned the following

unanimous Interrogatory Answers and Verdict:

### INTERROGATORY NUMBER 1

Do you find that Plaintiff Groeneveld proved by a preponderance of the evidence that its Trade Dress (the external shape and appearance of the pump, including logo and color) are non-functional?

__Yes__ (insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 2

Do you find that Plaintiff Groeneveld proved by a preponderance of the evidence that its Trade Dress (the external shape and appearance of the pump, including logo and color) is distinctive in the marketplace, that is has it acquired secondary meaning?

_Yes___ (insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 3

Do you find that Plaintiff Groeneveld proved by a preponderance of the evidence that there is a likelihood of confusion in the minds of consumers of EPO pumps as to the source of Defendant Lubecore's EPO pump?

__Yes_ (insert in ink "YES" or "NO" according to your findings)

### VERDICT FOR PLAINTIFF

We the jury, being duly impaneled and sworn, find by a preponderance of the evidence in favor of the Plaintiff Groeneveld on Plaintiff's claim of Trade Dress Infringement

under the Lanham Act, 15 U.S.C. § 1125(a) and against Defendant Lubecore and award damages, if any, in the amount of $1,225,000.00 (Insert in ink an amount from $0 to whatever the evidence requires.)

The Court read the Interrogatory Answers and Verdict in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Answers and Verdict. The Court accepted the Interrogatory Answers and Verdict. Defendant's Motion pursuant to Fed. R. Civ. P. 50 was denied. Court was then adjourned until October 21, 2011.

The trial continued on October 21, 2011. Arguments of counsel were made and the Court instructed the jury on the issue of willfulness. The Jury retired in deliberation. The Jury, in open Court, returned the following unanimous Interrogatory:

### INTERROGATORY NUMBER 4

Do you find that Plaintiff Groeneveld proved by a preponderance of the evidence that Lubecore willfully infringed Groeneveld's Trade Dress in violation of the Lanham Act?

__Yes__ (insert in ink "YES" or "NO" according to your findings)

The Court read the Interrogatory Answer in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Answer. The Court accepted the Interrogatory Answer and the Jury was then discharged.

THEREFORE, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of the Plaintiff Groeneveld Transport Efficiency, Inc. and against the Defendant Lubecore International, on Plaintiff's Trade Dress Infringement claim awards Plaintiff $1,225,000.00

4

in damages. Notwithstanding Magistrate Baughman's findings after the preliminary injunction hearing, it appears that given the Jury's findings that Defendant violated the Lanham Act and acted willfully, an injunction prohibiting the sale of the infringing pump in the United States should issue. The Plaintiff is directed to file a proposed permanent injunction order. Further, if Plaintiff intends to move for treble damages and costs of the action under the Lanham Act, such motion shall be filed within 21 days or by November 16, 2011. Opposition should be filed 21 days after the filing of Plaintiff's motion. A reply, if any, shall be filed 14 days after the Opposition is filed. All costs are to be paid by the Defendant.

    IT IS SO ORDERED.

/s/ Donald C. Nugent
**DONALD C. NUGENT**
UNITED STATES DISTRICT JUDGE

DATE: October 26, 2011