# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| LUBECORE INTERNATIONAL, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion for an Award of Attorney Fees, Litigation Expenses, Prejudgment and Post Judgment Interest pursuant to 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 54(d)(2). (ECF #235) For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

Plaintiff asserts that it is entitled to an award of attorney fees, prejudgment interest, post-judgment interest, and litigation expenses because Defendant's infringement of Groeneveld's trade dress was willful, and its intent and conduct renders this case "exceptional."

When a violation of the Lanham Act, 15 U.S.C. § 1125(a), has been established in an "exceptional case", the court may award reasonable attorney fees to the prevailing party. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488 (6th Cir. 2005). The Sixth Circuit has indicated that the term "exceptional cases" means those cases in which the infringement was "malicious, willful, fraudulent, or deliberate." *Frisch's Restaurants v. Elby's Big Boy,* 849 F.2d 1012, 1017 (6th Cir.1988). (citing *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051-52 (6th Cir.1982)).

In this case the Jury found that Defendant's infringement Groeneveld's trade dress was willful. While the parties agree that not all cases in which there is a finding of "willful"

infringement are "exceptional cases," in all "exceptional cases" there has been a finding of willfulness.  There was sufficient evidence presented at trial for the Jury to conclude that Defendant deliberately copied Plaintiff's trade dress for its own gain, all to Plaintiff's detriment, and thus its finding of willfulness is supported by the trial record. Moreover, the record supports the Jury's damage award and its finding of trade dress infringement.  As Defendant's conduct has been found to be intentional, deliberate and willful, the Court finds that this is an exceptional case that warrants the award of reasonable attorneys fees and litigation expenses.

Plaintiff also asserts that prejudgment interest may be awarded to the prevailing party in exceptional cases.[1] See *Wynn Oil Co. v. American Way Service Corp.*, 1995 WL 431019 *3 (6th Cir. July 20, 1995). "Although Section 1117(a) does not provide for prejudgment interest, such an award is within the discretion of the trial court and is normally reserved for 'exceptional' cases." *American Honda Motor Co. v. Two Wheel Corp.,* 918 F.2d 1060, 1064 (2d Cir.1990) (citations omitted); see also *ALPO Petfoods v. Ralston Purina Co.*, 997 F.2d 949, 954 (D.C.Cir.1993); *Gorenstein Enter. Inc. v. Quality Care-USA, Inc.,* 874 F.2d 431, 436 (7th Cir.1989). Plaintiff asserts that prejudgment interest is appropriate because it is necessary to fully compensate the holder of an infringed trademark or trade dress.  In this case, the damages awarded by the Jury, plus an award of attorneys fees and litigation expenses is sufficient to fully compensate Groeneveld, making an award of prejudgment interest unnecessarily punitive. Accordingly, Plaintiff's request for prejudgment interest is denied.

## CONCLUSION

---

[1] The Court will not address Plaintiff's request for post-judgment interest as all civil judgments, including this one, are subject to interest from the date of judgment at the prevailing legal rate.

Therefore, Plaintiff's Motion for an award of reasonable attorneys fees and litigation expenses is granted and its motion for prejudgment interest is denied.  Plaintiff is instructed to file its specific request for attorneys fees and expenses, supported by sufficient documentation within 15 days of this order. Defendant may file any objections to the Plaintiff's fees and expenses within 15 days of Plaintiff's filing.

IT IS SO ORDERED.

                                                ___*/s/Donald C. Nugent*_____
                                                DONALD C. NUGENT
                                                UNITED STATES DISTRICT JUDGE

DATED: _April 4, 2012_____