**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | MEMORANDUM OPINION |
| LUBECORE INTERNATIONAL, INC., | ) ) | AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 (ECF # 232). Plaintiff was the prevailing party in this case and on October 26, 2011, the Court entered judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Plaintiff Groeneveld Transport Efficiency, Inc. ("Groeneveld") and against the Defendant Lubecore International, Inc. ("Lubecore"). Plaintiff now seeks to tax costs in the amount of $53,438.86. Lubecore objects to Plaintiff's Bill of Costs, asserting that it is excessive and includes costs not recoverable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. The Court will address each category of costs requested by the prevailing party and determine the proper amount to be awarded.

**Law and Analysis**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v.*

*American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

> 28 USCS § 1920 sets forth the expenses that may be taxed as costs:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant objects to Plaintiff's request of $12,021.75 for travel expenses for its witnesses. Specifically, Defendant objects to Plaintiff's request for travel expenses incurred for both the preliminary injunction proceedings and for the October 2011 trial.  Defendant asserts that all expenses relative to the preliminary injunction hearing should be denied because Plaintiff did not prevail on its motion for a preliminary injunction. Section1929(3) does not specify whether witness costs for activities prior to trial may be taxed. In this case, it seems excessive to permit recovery of witness expenses for the preliminary injunction hearing.  Although Plaintiff is the prevailing party, and it does not matter that it did not prevail at the preliminary injunction stage to recover taxable costs, the Court deems recovery of witness transportation and housing costs for the preliminary injunction hearing to be unreasonable.  Accordingly, Plaintiff's bill of costs

will be reduced by the amount of $5,546.84 (Oct. travel costs of M. DeCleene and Gail Wilson).

Defendant also objects to the taxing of trial travel costs of Groeneveld employees Gail Wilson and Willem van der Hulst on the ground that a "witness" does not include a party to the action. Courts have determined that if employees appear as witnesses rather than as representatives of the party employer, the prevailing party may tax as costs the associated witness fees. See *Hartford Fin. Servs. Group v. Cleveland Public Library*, 2007 U.S. Dist. LEXIS 22528, at *31 (N.D. Ohio Mar. 28, 2007) (citations omitted). Plaintiff asserts that Ms. Wilson and Mr. van der Hulst appeared as witnesses and not as the party representative. Groeneveld contends that only Tom Mulder acted as the party representative. Plaintiff has not sought travel expenses or other costs related to Mr. Mulder. Thus, the travel expenses of Ms. Wilson and Mr. van der Hulst will be taxed. Further, while a court is not required to award travel expenses for witnesses who travels from beyond the territorial reach of the court's subpoena power, an award is not prohibited. See *Soberay Mach. & Equip. Co., vo MRF Ltd, Inc*., 181 F.3d 759, 771 (6th Cir. 1999). Thus, the fact that the witnesses called by Plaintiff at trial traveled from distances greater than 100 miles from the courthouse does not preclude the taxing of their travel costs. As there is no credible argument or evidence that the witnesses called by Plaintiff were unnecessary or duplicative, their expenses will be taxed as costs.

Moving on to fees for printed and electronically recorded transcripts, Defendant objects to a charge of $12,699.10 for Rennillo Deposition and Discovery's "electronic trial presentation" on the basis that § 1920does not authorize an award of cost for vendors that provide state-of-the-art trial presentation assistance. *Summit Tech, Inc. v. Nidek Co.*, 435 F.3d 1371, 1375-1378 (Fed. Cir. 2006). The Declaration of David Kunselman attached to Plaintiff's Bill of Costs states that

these Renillo invoices totaling $12,699.10, are for digitization of paper deposition/trial exhibits, preparation of demonstratives and visual aids, and digitization of demonstratives into electronic format for Groeneveld's use at trial. (Kunselman Decl. ¶25). Groeneveld's electronic presentations did not appear extravagant or unreasonable and were used extensively during trial to facilitate a clear presentation of evidence. Accordingly, these expenses will be allowed.

Defendant objects to the recovery of costs incurred with the video testimony of Brendan Cane as well as the cost of the other witnesses' video depositions. Specifically, with respect to Mr. Cane, Defendant argues that since Mr. Cane's testimony was excluded from trial, the costs should not be recoverable. Under § 1920(2), "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. This provision covers the costs of both stenographic and videotaped depositions. See *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Necessity is determined as of the time of taking, and the fact that the deposition is not actually used at trial is not controlling. See *Sutter v. Gen. Motors Corp.*, 100 Fed. Appx. 472, 475 (6th Cir. 2004) citing *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). There is not enough evidence before the Court to determine whether Mr. Cane's deposition was deemed to be necessary by the Plaintiff and given that the Court determined that the testimony was unnecessary or irrelevant, the costs associated with Mr. Cane's video deposition ($995, $796.18, $1,517.80) will be excluded. Further, the transcript expenses for the preliminary injunction hearing ($207, $1,523.75) will be excluded.

Defendant further objects to Plaintiff's document reproduction costs associated with the trial and preliminary injunction. The Sixth Circuit has cautioned that a court should not "rubber stamp" a party's request for reproduction costs. *See Aubin Indus., Inc. v. Smith, et al.*, No. 1:04-

CV-681, 2009 U.S. Dist. LEXIS 55104, at *17-18 (S.D. Ohio June 15, 2009) (citing *Bowling v. Phizer, Inc.*, 132 F.3d 1147, 1152 (6th Cir. 1998)). Rather, it should investigate the requested costs for necessity and reasonableness. *Id.* As noted above, the Court has determined that costs related to the preliminary injunction hearing will be excluded. Thus, those costs detailed in paragraph 6(a)-(c) of Mr. Kunselman's Affidavit totaling $1464.13 relating to copying costs of exhibits for the preliminary injunction hearing will be denied. Further, Plaintiff seeks recovery of the cost of seven copies of its trial exhibits at the cost of $2,713.15. As Defendant notes, that number of copies is excessive. While the Court realizes that more than one set of copies is necessary, seven copies is excessive. Accordingly the Court will reduce the amount sought by half. Only $1125.46 will be taxed for copies of trial exhibits. This number was obtained by adding the amounts noted in paragraph 6(e)(i-iv) of Mr. Kunselman's Affidavit and dividing by 2 and calculating sales tax at 7.75% on that amount. The amounts listed in 6(e)(v-vii) were denied as the Court is unable to determine whether such expenditures were necessary for the case. Further, ¶6(e)(vi) appears to seek expenses of digitizing Plaintiff's trial exhibits for use at trial when the cost of digitizing Plaintiff's trial exhibits was also sought in ¶6(d). Finally, as described in ¶¶ 6(f) and 7 of Mr. Kunselman's Affidavit, the costs of delivery and for gloves to handle exhibits are denied as unreasonable and excessive. ($107.75 and $6.44, respectively).

Referring to Exhibit A to the Kunselman Affidavit, the following expenses shall be taxed:

```
A-1    $350.00       Clerk Fees
A-2    $1,424.01     Document Reproduction
A-3    $0
A-4    $806          Fees for Printed and Electronically Recorded Transcripts
A-5    $5,895.11
A-6    $872.25
```

5

```
A-7    $484.75
A-8    $$485.05
A-9    $2,570.85
A-10   $2,419.60
A-11   $818.25
A-12   $1,055.00
A-13   $0
A-14   $0
A-15   $0
A-16   $0
A-17   $0
A-18   $570.30
A-19   $1,585.05
A-20   $1,216.05
A-21   $12,699.10      Total for transcripts/video: $18,778.26
A-22   $0              Witness Costs
A-23   $0
A-24   $2,449.79
A-25   $2,076.73
A-26   $1,335.69
A-27   $612.70         Total for Witness costs $6,464.91
```

Total Fees taxed: $27,833.18

## CONCLUSION

For the reasons set forth above, Plaintiff's Bill of Costs is granted in the revised amount of $27,833.18.

IT IS SO ORDERED.

                                                                /s/Donald C. Nugent
                                                                DONALD C. NUGENT
                                                                UNITED STATES DISTRICT COURT

DATED: April 4, 2012