## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| v. | ) ) | MEMORANDUM OPINION |
| LUBECORE INTERNATIONAL, INC., | ) ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion for Enhanced Damages Under the Lanham Act. (ECF #237) Groeneveld contends that as the Jury returned unanimous verdicts in Groeneveld's favor and found that Lubecore's infringement of Groeneveld's trade dress was willful, it is entitled to the full enhanced damages available under the Lanham Act.15 U.S.C. § 1117(a) states in pertinent part:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, ... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction.... In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.... Such sum in either of the above circumstances shall constitute compensation and not a penalty.

A district court has wide discretion in determining an appropriate damages award for violations of the Lanham Act.  See *U.S. Structures, Inc. v. J.P. Structures, Inc.,* 130 F.3d 1185, 1191 (6th Cir.1997) ("Section 1117(a) grants a district court a great deal of discretion in fashioning an appropriate remedy in cases of trademark infringement."); *Metric & Multistandard Components*

*Corp. v. Metric's, Inc.*, 635 F.2d 710, 715 (8th Cir.1980) ("The language of [§ 1117(a) ] is clear: the district court is given broad discretion to award the monetary relief necessary to serve the interests of justice, provided it does not award such relief as a penalty.").

The Sixth Circuit sets forth the following factors that a trial court should consider in assessing whether an enhanced damage award is equitable under the Lanham Act:

> Because "the Lanham Act gives little guidance on the equitable principles to be applied by a court in making an award of damages," *Synergistic Int'l, LLC v. Korman,* 470 F.3d 162, 174 (4th Cir.2006), the courts have weighed the equities of disputes on a case-by-case basis, considering a wide range of factors including, inter alia, the defendant's intent to deceive, whether sales were diverted, the adequacy of other remedies, any unreasonable delay by the plaintiff in asserting its rights, the public interest in making the misconduct unprofitable, and "palming off," i.e., whether the defendant used its infringement of the plaintiff's mark to sell its own products to the public through misrepresentation. *See id.* at 175-76 (citing *Banjo Buddies, Inc.,* 399 F.3d at 175; *Quick Techs, Inc. v. Sage Group PLC,* 313 F.3d 338, 349 (5th Cir.2002)).

*La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 342-43 (6th Cir. 2010). In this case the Jury determined that Lubecore willfully infringed Groeneveld's trade dress. The jury also awarded Groeneveld $1,255.000 in damages. Defendant argues that this amount is excessive in that Lubecore's total revenue from sales of its EPO pump is only about 12% of the jury verdict. Applying Plaintiff's operating margin of 40% to Lubecore's revenue, Lubecore's profit from the sales would only be $61,032, or approximately 5% of the jury verdict. (ECF #248 at 1-2) Thus, Defendant in effect argues that the jury award already is sufficient to encompass a treble damage award. Defendant's sales number comes from its exhibit DX-X which it claims are actual sales numbers, not the projected numbers used by Plaintiff in its calculations.

While there is evidence to suggest that sales may have been diverted from Groeneveld, it was not direct evidence. In addition, there was no overwhelming evidence of actual confusion.

Based upon the evidence introduced at trial, it is the Court's belief that the existing jury award is more than sufficient to satisfy the public interest in making this misconduct unprofitable and to make the Plaintiff whole.  Further, the other remedies that the Plaintiff has or will receive are adequate and negate the need to further enhance damages, particularly since the Lanham act prohibits punitive awards. Accordingly, Plaintiff's Motion for Enhanced Damages Under the Lanham Act (ECF #237) is denied.

**IT IS SO ORDERED.**

       /s/Donald C. Nugent
       DONALD C. NUGENT
       UNITED STATES DISTRICT JUDGE

DATED:   April 4, 2012