interested prosecutor in pursuing the contempt action.[2]

### § 30:20 Contempt: right to trial by jury

If defendant is charged with criminal contempt and the possible maximum penalty is over six months imprisonment, trial by jury is a matter of right, both in the federal[1] and in the state courts.[2] However, if the charge is civil contempt, there is no right to trial by jury in either federal[3] or state courts.[4]

### § 30:21 Contempt: defenses—Safe distance rule

***The Enjoined Party Must Keep a Distance from Illegal Conduct.*** In a surprisingly large number of cases, a defendant enjoined from use of an infringing trademark has proceeded to make only a minute and de minimis change in purported compliance with the court's order. For example, plaintiff, owner of the mark ESKAY, obtained a consent decree which enjoined defendant from use of the trademark ESKAY or any colorable imitation of it. Defendant then changed its trademark from ESKAY to ENKAY and claimed compliance with the injunction. The court found defendant in contempt of the injunction, saying that defendants "must do more than see how close they can come with safety to that which they were enjoined from doing."[1]

When such a devious defendant is charged with contempt,

---

[2]Young v. United States, 481 U.S. 787, 95 L. Ed. 2d 740, 107 S. Ct. 2124, 2 U.S.P.Q.2d 1809 (1987).

**[Section 30:20]**

[1]Cheff v. Schnackenberg, 382 U.S. 917, 15 L. Ed. 2d 232, 86 S. Ct. 285 (1965); Frank v. United States, 395 U.S. 147, 23 L. Ed. 2d 162, 89 S. Ct. 1503 (1969); Musidor, B. V. v. Great American Screen, 658 F.2d 60 (2d Cir. 1981), cert. denied, 455 U.S. 944, 71 L. Ed. 2d 656, 102 S. Ct. 1440 (1982).

[2]Bloom v. Illinois, 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477 (1968). Annotation, 26 L. Ed. 2d 916.

[3]Shillitani v. United States, 384 U.S. 364, 16 L. Ed. 2d 622, 86 S. Ct. 1531 (1966).

[4]United Farm Workers Organizing Committee v. Superior Court of Kern County, 265 Cal. App. 2d 212, 71 Cal. Rptr. 513 (5th Dist. 1968). *See* 47 Am. Jur. 2d, Jury § 54.

**[Section 30:21]**

[1]Eskay Drugs, Inc. v. Smith, Kline & French Laboratories, 188 F.2d

© 2010 Thomson Reuters/West, Rel. 56, 12/2010


Exhibit 3

many courts have recited that such a person must "keep a safe distance away from the margin line" and not "see how close he can come with safety to that which he has been enjoined from doing."[2] The classic observation on the "safe

430, 432, 89 U.S.P.Q. 202 (5th Cir. 1951). *See also* Kimberly Knitwear, Inc. v. Kimberley Stores, Inc., 331 F. Supp. 1339, 171 U.S.P.Q. 536 (W.D. Mich. 1971) (A women's clothing manufacturer using the mark KIMBERLY sued a women's clothing retailer who used the mark KIMBERLEY'S. Defendant changed its name to KIMLEYS and claimed that it had avoided infringement. The court enjoined use of the revised name, stating: "[D]efendants have attempted to retain the good will they have appropriated by the use of plaintiff's name, through use of a name which, while perhaps not confusingly similar, is so reminiscent of the plaintiff's that it continues to accord the same advantage they have previously enjoyed. This they may not do."); Supershuttle Int'l, Inc. v. Shafer-Schonewill & Assoc., 39 U.S.P.Q.2d 1766 (D. Colo. 1995) (Enjoined from the use of SUPER SHUTTLE EXPRESS, defendant rearranged two words and changed to the mark SUPER EXPRESS SHUTTLE. This was held to be contempt as not a good faith attempt to comply. "[A]s infringers, the defendants had and have an affirmative duty to and must stay a 'safe distance' away from the plaintiff's . . . service mark."); Polo Ralph Lauren L.P. v. Schuman, 46 U.S.P.Q.2d 1046 (S.D. Tex. 1998) (enjoined from use of THE POLO CLUB as an infringement of POLO, defendant changed to POLO EXECUTIVE RETREAT; held to be contempt because defendant did not go a safe distance away). *See* § 30:4.

[2]Eskay Drugs, Inc. v. Smith, Kline & French Laboratories, 188 F.2d 430, 432, 89 U.S.P.Q. 202 (5th Cir. 1951) ("In such a case as this, where the appellants have been found guilty of infringing the trademark rights of others, they should thereafter be required to keep a safe distance away from the dividing line between violation of, and compliance with, the injunction. They must do more than see how close they can come with safety to that which they were enjoined from doing."); Plough, Inc. v. Kreis Laboratories, 314 F.2d 635, 136 U.S.P.Q. 560 (9th Cir. 1963); AMF, Inc. v. International Fiberglass Co., 469 F.2d 1063, 176 U.S.P.Q. 1 (1st Cir. 1972); World's Finest Chocolate, Inc. v. World Candies, Inc., 409 F. Supp. 840, 192 U.S.P.Q. 477 (N.D. Ill. 1976), aff'd without op., 559 F.2d 1226 (7th Cir. 1977); Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc., 659 F.2d 695, 212 U.S.P.Q. 904, 913 (5th Cir. 1981), cert. denied, 457 U.S. 1126, 73 L. Ed. 2d 1342, 102 S. Ct. 2947 (1982) (court of appeals held that on remand the district court had discretion to enjoin defendant from use of all variations of its trade dress; upon remand, district court enjoined two of the four variations of defendant's trade dress); Transgo, Inc. v. Ajac Transmission Parts Corp., 211 U.S.P.Q. 25 (C.D. Cal. 1981) (contempt found for "trying to walk as close to the line as they can" by de minimis change in mark); AMF, Inc. v. Jewett, 711 F.2d 1096, 219 U.S.P.Q. 486 (1st Cir. 1983) (defendant is under an obligation to do more than show how close it could come with safety to that which it was enjoined from doing); Oral-B Lab., Inc. v. Mi-Lor Corp., 810 F.2d 20, 1

distance rule" is from the Sixth Circuit in 1930:

> [A] competitive business, once convicted of unfair competition in a given particular, should thereafter be required to keep a safe distance from the margin line—even if that requirement involves a handicap as compared with those who have not disqualified themselves.[3]

As the Sixth Circuit noted, permitting a proven infringer to continue business with a slight change in its mark, "is to make the decree futile and to disparage the power of the court to give relief against trade larceny."[4]

***An Enjoined Party Must Make More than a Minimal Change.*** A trademark infringer, once caught, should expect some fencing in. It should have its conduct carefully scrutinized in future use and should not be allowed to claim the same leniency accorded a good faith user who starts use of the mark which the enjoined defendant has shifted to. Otherwise, the enjoined defen dant could simply make a tiny change and start a new trademark contest all over again in the context of the contempt hearing as to use of the "new" format. As the Seventh Circuit observed: "The court may require the contemnor to choose a distinctively different mark rather than to hew so close to the line that the parties must interminably return to court to haggle about every mark."[5] Keeping a safe distance from the margin line means that the district court has the discretion to require defen-

---

U.S.P.Q.2d 1867, 1869 (2d Cir. 1987) (a defendant, once having been found to be an infringer, has a "duty to keep a safe distance from the line drawn by the district court's injunction"); Howard Johnson Co. v. Khimani, 892 F.2d 1512, 13 U.S.P.Q.2d 1808 (11th Cir. 1990) (a party preliminarily enjoined from infringement bears the burden of keeping a safe distance away from the line of illegality).

[3]Broderick & Bascom Rope Co. v. Manoff, 41 F.2d 353, 354 (6th Cir. 1930). Quoted in many cases, including Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 215 F.2d 434, 102 U.S.P.Q. 146, 102 U.S.P.Q. 466 (7th Cir. 1954) (Concluding in that case, "It is high time that such conduct be stopped." This was a case where the enjoined infringer proposed a name and logo very similar to the old one.); AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, n.88 (11th Cir. 1986).

[4]Broderick & Bascom Rope Co. v. Manoff, 41 F.2d 353, 354, 6 U.S.P.Q. 8 (6th Cir. 1930). *See* Taylor Wine Co. v. Bully Hill Vineyards, Inc., 208 U.S.P.Q. 80 (W.D.N.Y. 1979) (civil contempt found where defendant chose either to "ignore or mock" court orders and acted to "deride the actions of this court").

[5]Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 227 U.S.P.Q.

dant to select a trade dress "which would avoid all possibility of confusion."[6] As the same court later remarked: "The court can, in its discretion, require the infringer to utilize a new trade dress that does not even arguably infringe on the plaintiff's rather than taking the time to examine each proposal in detail."[7] Similarly, the Fifth Circuit remarked that: "Having crossed the line of fair competition, a manufacturer may be ordered to stand back from it."[8]

***The Issue at a Contempt Hearing.*** In a contempt hearing, the court should not start all over again to fully analyze the new version of the mark chosen by the defendant as if it were the trial of a lawsuit against the new version. Rather, the court must simply determine whether the terms of the injunction were violated by the new version chosen by defendant.[9]

---

138 (7th Cir. 1985), cert. denied, 475 U.S. 1147, 90 L. Ed. 2d 346, 106 S. Ct. 1801, 229 U.S.P.Q. 560 (1986).

[6]Service Ideas, Inc. v. Traex Corp., 846 F.2d 1118, 6 U.S.P.Q.2d 1937 (7th Cir. 1988) (defendant who has already been enjoined cannot assert that its modified design should be accorded the same leniency that a good faith user might ask for).

[7]Badger Meter v. Grinnell Corp., 13 F.3d 1145, 29 U.S.P.Q.2d 1507, 1515 (7th Cir. 1994) (The 1988 *Traex* decision, cited *supra,* does not always mandate a greater legal duty on a prior infringer. Rather, it holds that "once a court has enjoined a party from utilizing an infringing trade dress, the court might be disinclined to expend scarce judicial resources in lengthy determinations of whether a new trade dress continues to infringe." Held here that court did not err by refusing to apply the "possibility of confusion" standard in a contempt hearing.).

[8]Sunbeam Prods. Inc. v. West Bend Co., 123 F.3d 246, 44 U.S.P.Q.2d 1161 (5th Cir. 1997) ("The 'safe distance' rule vests broad discretion in the district court, to ensure that the Lanham Act is not frustrated by manufacturers who seek to circumvent injunctions with subsequent modifications. Accordingly, the 'safe distance' rule permits the court to issue injunctions that sweep even more broadly than the Lanham Act would permit against a manufacturer who has not already been found liable for trademark infringement."). *Compare* Taubman Co. v. Webfeats, 319 F.3d 770, 65 U.S.P.Q.2d 1834, 54 Fed. R. Serv. 3d 1026, 2003 FED App. 0043P (6th Cir. 2003) (The safe distance rule applies only after the defendant has been found to have been an infringer in the past or in violation of an injunction. The safe distance rule does not apply to one who has not previously been found liable or to have been in contempt.).

[9]Wella Corp. v. Wella Graphics, 37 F.3d 46, 32 U.S.P.Q.2d 1318 (2d Cir. 1994), mot. denied, on remand, 874 F. Supp. 54, 34 U.S.P.Q.2d 1092 (E.D.N.Y. 1994) (Defendant, enjoined from using the mark WELLA or

***"Safe Distance" is Not a Substitute for "Likelihood of Confusion."*** In some cases, a party with a history of infringing behavior can be ordered to use an entirely new and different trademark. This is one aspect of the "safe distance" rule applied in contempt proceedings.[10] The "safe distance" rule, however, is not appropriate when instructing an jury as to the standard of liability in a run-of-the-mill trademark infringement case. The test of liability is "likelihood of confusion," not whether the accused defendant's mark is within the boundaries of some undefined "safe distance" away from plaintiff's trademark.[11] As the Tenth Circuit observed, the safe distance rule does not create a legal duty in the first instance in determining infringement.[12]

## § 30:22 Contempt: defenses—Standard of compliance

Diligent compliance with the terms of an injunction is needed to avoid contempt. More is required than a grudging, half-hearted or foot-dragging attempt at compliance. An enjoined party who fails to be "reasonably diligent and

---

"any mark confusing[ly] similar to . . . WELLA" changed from "Wella Graphics" to "Wello Graphics." The district court should not go into all of the factors of analysis, such as product proximity. "The injunction, however, would be of questionable value if enforcement against every alteration of the infringing mark required a relitigation of the *Polaroid* factors."); Wolfard Glassblowing Co. v. Vanbragt, 118 F.3d 1320, 43 U.S.P.Q.2d 1378 (9th Cir. 1997) (Agreeing with the *Wella* rule: the issue on contempt is not a full-fledged analysis of the new version. The issue is whether defendant violated the terms of the consent decree, using the "safe distance" rule. "[T]he district court was not required to establish every element of an infringement claim in order to conclude that [defendant] had violated the consent decree.").

[10] *See* discussion at § 30:4.

[11] PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc., 520 F.3d 109, 118, 86 U.S.P.Q.2d 1022, 75 Fed. R. Evid. Serv. 1104 (2d Cir. 2008) (It was not error for the District Court to refuse to give a "safe distance" instruction. "If the "safe distance" instruction were used, the jury would be invited to find liability based on a mark which was not likely to cause confusion, leaving unclear to the jurors which standard should govern.").

[12] John Allan Co. v. Craig Allen Co. L.L.C., 540 F.3d 1133, 1142, 87 U.S.P.Q.2d 1843 (10th Cir. 2008) (the safe distance rule does not require a court that found no infringement of plaintiff's JOHN ALLEN by defendant's mark CRAIG ALLEN at the same time to enjoin the use of CRAIG ALLEN just because it found infringement of certain logo designs that included the letters "JA." "Even if the rule is applicable, it does not create a legal duty under which The Craig Allen Company is obligated to act.").

*Intellectual Property Library*

# McCarthy on Trademarks and Unfair Competition

J. Thomas McCarthy

Fourth Edition

Volume 5

WEST®

A Thomson Reuters business

*For Customer Assistance Call 1-800-328-4880*

© 2012 Thomson Reuters/West, Rel. 62, 6/2012

Mat #41150958