```
 1         IN THE DISTRICT COURT OF THE UNITED STATES
                FOR THE NORTHERN DISTRICT OF OHIO
 2                      EASTERN DIVISION

 3   GROENEVELD TRANSPORT            )
     EFFICIENCY, INC.                )
 4                                   )  Judge Nugent
                  Plaintiff,         )  Cleveland, Ohio
 5                                   )
           vs.                       )  Civil Action
 6                                   )  Number 1:10CV702
     LUBECORE INTERNATIONAL,         )
 7   INC.,                           )

 8             Defendant.
                              - - - - -
 9             TRANSCRIPT OF PROCEEDINGS HAD BEFORE

10             THE HONORABLE DONALD C. NUGENT

11                    JUDGE OF SAID COURT,

12                ON FRIDAY, OCTOBER 21, 2011
```

**VOLUME 7**

- - - - -

```
14   APPEARANCES:
     For the Plaintiff:             DEBORAH J. MICHELSON, ESQ.,
15                                  DAVID A. KUNSELMAN, ESQ.,
                                    Miller Goler Faeges
16                                  27th Floor
                                    100 Erieview Plaza
17                                  Cleveland, OH 44114
                                    (216) 696-3366
18
     For the Defendant:             THOMAS L. ANASTOS, ESQ.,
19                                  MELISSA ZUJOWSKI, ESQ.,
                                    Ulmer & Berne - Cleveland
20                                  1100 Skylight Office Tower
                                    1660 West Second Street
21                                  Cleveland, OH 44113
                                    (216) 583-7184
22
     Official Court Reporter:       Shirle M. Perkins, RDR, CRR
23                                  U.S. District Court
                                    801 West Superior, #7-189
24                                  Cleveland, OH 44113-1829
                                    (216) 357-7106
25   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.
```

| | |
|---|---|
| 1 | FRIDAY SESSION, OCTOBER 21, 2011, AT 8:28 A.M. |
| 2 | THE COURT: Holy mackerel. We almost sent out |
| 3 | the army for you. |
| 4 | (Laughter.) |
| 08:50:50  5 | THE COURT: We said I know she knew to come |
| 6 | back here today. So we're glad you're here. All right. |
| 7 | This shall only take about three or four days. |
| 8 | (Laughter.) |
| 9 | THE COURT: No. This should take whatever |
| 08:51:07 10 | time you need. Once the return a verdict as you did |
| 11 | yesterday, I apologize for the process, but you can't -- I |
| 12 | can't say anything before deliberations because it may have |
| 13 | some impact on it. So ultimately, what you have to do is |
| 14 | you have to make a decision on whether the Defendant's |
| 08:51:27 15 | conduct was willful. So if you find that Lubecore infringed |
| 16 | Groeneveld's trade dress, you must also determine whether |
| 17 | Groeneveld proved by a preponderance of the evidence that |
| 18 | Lubecore's actions were willful. Lubecore acted willfully |
| 19 | if it knew that its product infringed Groeneveld's trade |
| 08:51:51 20 | dress or Lubecore acted with indifference. All right? |
| 21 | And -- I'll give you one question. Yes or no. Okay? And |
| 22 | they each get a couple minutes to argue that to you and then |
| 23 | I'll give you the case for your consideration if that's |
| 24 | fair. Debbie. |
| 08:52:08 25 | |

1  CLOSING ARGUMENTS ON BEHALF OF THE PLAINTIFF

2  MS. MICHELSON: Thank you, your Honor.

3  THE COURT: And you notice I read it without

4  my glasses. I am pretty proud of that.

5  (Laughter.)

6  MS. MICHELSON: Ladies and gentlemen, good

7  morning, and thank you for returning. As the Judge told

8  you, there is only one question left for you to decide, and

9  that's whether Lubecore acted willfully in that it either

10  knew that its EP-0 single-line ALS product infringed

11  Groeneveld's or if it acted with indifference, and the issue

12  for you to decide is whether we have proven by a

13  preponderance of the evidence that it acted in -- that it

14  acted knowingly with knowledge or with indifference.

15  I submit to you, ladies and gentlemen, that the

16  totality of the evidence does indeed prove that it is more

17  likely than not, and I know it was awhile ago that you

18  received the instruction on preponderance of the evidence,

19  but what we have proven is by a preponderance of the

20  evidence, it is more likely than not, that Lubecore knew

21  that its product was an intentional copy, identical copy of

22  the Groeneveld. It continued to supply its product and

23  distribute its product notwithstanding that knowledge, or

24  that it did so with indifference, with indifference to the

25  fact that it was infringing, and that its product was an

1 identical copy. And the fact that it is now 2011, and it
2 has been distributing the product for -- in the United
3 States since 2009, and it's been continuing with that
4 conduct up until today, even after the lawsuit in this case
5 was filed demonstrates to you and proves to you that it is
6 indeed more likely than not that Lubecore engaged in the
7 behavior and continued in the behavior, at the very least,
8 with indifference to its infringing conduct.

9 And I ask you on behalf of Groeneveld to find in favor
10 of it on this piece of the case. And I thank you.

11 THE COURT: Thank you. Mr. Anastos.

12 CLOSING ARGUMENTS ON BEHALF OF THE DEFENSE

13 MR. ANASTOS: Good morning, ladies and
14 gentlemen.

15 There's no evidence in this case that even if
16 Mr. Eissis knew that his pump looked like Groeneveld's, that
17 he knowingly and intentionally tried to palm off the
18 Groeneveld name. I mean we've seen the distinctions he's
19 tried to draw between Groeneveld and himself or between
20 Groeneveld and Lubecore; the fact sheet comparisons, the
21 colors, the logos and all of that.

22 Indifference is not a factor here either because
23 again, it's indifference to whether or not he was -- he
24 didn't believe in any sort of way that they were palming off
25 of Groeneveld's reputation. So he can't possibly have been

1    indifferent to it. You're indifferent to it if you know
2    that's what you're doing and you just turn a blind eye and
3    don't do it.
4    There's no proof that Mr. Eissis knew or Lubecore knew
5    that it was trying to palm off Groeneveld's reputation in
6    the marketplace and sell its product based on Groeneveld's
7    reputation. In fact, the evidence is quite to the contrary.
8    The instructions to Mr. Vermeulen, you've heard that
9    testimony, there was no -- there's no testimony that
10   instructions were given to Mr. Vermeulen to copy the pump.
11   There's no testimony from Mr. Vermeulen he intended to copy
12   the pump. They all speak to the willfulness issue.
13   And frankly with respect to the issue that we've
14   been -- that Lubecore's been selling the pump indifferently
15   since 2009 to the time this case was filed, about a year
16   ago, this Court allowed Lubecore to keep selling its pump.
17   So you can't hold it against Lubecore that it continued to
18   do so.
19   I suggest there's no evidence of willfulness or
20   indifference in this case and hope you find likewise.
21              THE COURT: Thank you very much. Okay, folks.
22        (Jury retired to deliberate at 8:56 a.m.)
23              THE COURT: We spent a little time back there
24   trying to decide who we were going to blame for this note,
25   but I figure what we'll do is we'll wait until I read the

1  questions, and then let the lawyers decide who we should
2  blame for this note because I'm going to call upon you to
3  come to an agreement, I think, on how we answer. All right.
4  When was Lubecore incorporated in the United States?
5  Under the Lanham Act, at what time does it apply to the
6  design of the Lubecore pump? When does the Act at a point
7  in time apply to when it was designed? Is our knowledge of
8  the denied injunction to Groeneveld allowed to be taken into
9  consideration in our discussion? PS, can we take a
10 cigarette break? I answered the last question with a yes.
11 So when somebody tells you America is not a great
12 country.
13       (Laughter.)
14             MS. ZUJKOWSKI: Your Honor, I don't believe
15 that Lubecore is incorporated in the United States. It's a
16 Canadian entity. I'm not sure if that -- I thought that had
17 come out during the testimony.
18             THE COURT: I don't know. I'm just going to
19 tell them you have to listen -- you know, call upon your
20 recollection.
21             MS. MICHELSON: When -- I was trying to write
22 this down as you spoke. The first one, when was the
23 Defendant in the United States?
24             MS. ZUJKOWSKI: No. When was the entity
25 incorporated is what I understood the question to be.

|  |  |
|---|---|
| 1 | THE COURT: Here. |
| 2 | MS. MICHELSON: I'm trying to listen. |
| 3 | I think the Lanham Act is applied throughout. I don't |
| 4 | think there's been any changes to the Lanham Act since he |
| 10:34:52  5 | started. |
| 6 | MS. ZUJKOWSKI: I don't understand where their |
| 7 | head's at with this question. Do you think they're meaning |
| 8 | does it matter was he in the market or when he was in the |
| 9 | process of designing? |
| 10:35:02 10 | MS. MICHELSON: I don't know. I think the |
| 11 | answer is that the Lanham Act has been in effect since |
| 12 | whatever the date -- whatever the date the Lanham Act's been |
| 13 | in effect since -- |
| 14 | MS. ZUJKOWSKI: There should be a stipulation |
| 10:35:17 15 | that this was a Canadian company in there. You can't |
| 16 | explain that to them, that it's not a US company? |
| 17 | MR. MILLER: Why don't you do the easy one, |
| 18 | the easy one. |
| 19 | MS. MICHELSON: He did. He already gave them |
| 10:35:30 20 | a cigarette break. |
| 21 | MR. MILLER: Now. The easy one, there's |
| 22 | nothing probative for their deliberations about the denial |
| 23 | of preliminary injunction. That's the easy one. |
| 24 | MR. ANASTOS: That's so far from true. |
| 10:35:44 25 | MS. ZUJKOWSKI: The injunction was referenced |

|   |   |
|---|---|
| 1 | during the testimony, too, and there was a motion in limine |
| 2 | on that. |
| 3 | MS. MICHELSON: No, there was -- |
| 4 | MS. ZUJKOWSKI: Repeatedly -- |
| 10:35:54 5 | MR. ANASTOS: -- violation indifferently, but |
| 6 | we had a right to keep selling it when the injunction was |
| 7 | denied. |
| 8 | MS. ZUJKOWSKI: It's pretty prejudicial -- |
| 9 | MR. MILLER: The injunction doesn't authorize |
| 10:36:04 10 | you to do it. It just declined our request to order you to |
| 11 | stop. We have to show -- |
| 12 | MR. ANASTOS: That's a pre -- |
| 13 | (Discussion at side bar off the record.) |
| 14 | THE COURT: I'm going to tell them to use |
| 10:36:46 15 | their recollection. We can't answer this. |
| 16 | (Proceedings resumed in the presence of the jury:) |
| 17 | THE COURT: Mr. Moizuk, I have received a |
| 18 | communication from you. I'm going to read it and ask you if |
| 19 | I've correctly read the communication. |
| 10:39:22 20 | THE FOREPERSON: Sure. |
| 21 | THE COURT: "When was Lubecore incorporated in |
| 22 | the United States? Under the Lanham Act, at what time does |
| 23 | it apply to the design of the Lubecore pump? When does the |
| 24 | act at and a point in time apply when it was designed? Is |
| 10:39:42 25 | our knowledge of the denied injunction to Groeneveld allowed |

|    |    |
|----|----|
| 1  | to be taken into consideration in our discussion?  PS.  Can |
| 2  | we take a cigarette break?" |
| 3  | (Laughter.) |
| 4  | THE COURT:  Signed Shaun -- is it F.K., Shaun? |
| 5  | THE FOREPERSON:  Yes. |
| 6  | THE COURT:  Shaun F.K. Moizuk, and dated |
| 7  | today's date.  Have I correctly read your questions? |
| 8  | THE FOREPERSON:  Yes, your Honor. |
| 9  | THE COURT:  Well, I can take the easy one |
| 10 | first.  The answer to PS, can I take a cigarette break is |
| 11 | yes. |
| 12 | (Laughter.) |
| 13 | THE COURT:  As to the rest, what I'm going to |
| 14 | tell you is this, go back, deliberate, recall all the |
| 15 | testimony that you heard and the other evidence that was |
| 16 | presented during the course of the trial in conjunction with |
| 17 | you will a the instructions that I have given you.  That |
| 18 | should be sufficient.  If it's not, you can always redo |
| 19 | this.  Okay?  I know I'm not making anybody happy but that's |
| 20 | not my job.  I made three people happy on the PS, so. |
| 21 | (Laughter.) |
| 22 | THE COURT:  It's all yours. |
| 23 | (Jury retired to deliberate at 10:40 a.m.) |
| 24 | THE COURT:  Go ahead. |
| 25 | MS. MICHELSON:  Your Honor, specifically, as |

1    to the last question that the jury had, it was improper for
2    Defense counsel to argue in closing this morning the Court's
3    decision on the preliminary injunction motion. The decision
4    on that motion is not even in evidence.
5               THE COURT: See, I didn't -- it's interesting.
6    I didn't remember where -- if that came out in the evidence.
7               MS. MICHELSON: It did not, your Honor. There
8    was reference during the trial to the fact that there was a
9    preliminary injunction hearing, but the actual decision on
10   the motion and the hearing did not come out in evidence. It
11   was improper to argue it, it was to prejudicial --
12              THE COURT: Okay. But -- all right. But hear
13   me out. Then if it's not in evidence, then they can't
14   consider it because I just told them they have to consider
15   the evidence and the exhibits that were presented at trial.
16              MS. MICHELSON: I understand that, your Honor,
17   but even the way -- even the way the question is worded is
18   that does it matter that we know that we know that the
19   preliminary injunction is not granted and they don't know
20   that, they just heard him argue that. That's the prejudice
21   and the unfairness of Mr. Anastos's throwing that in there
22   at the last minute. The jury's question clear -- it's our
23   position that they be should be instructed that they do not
24   know that because it is not in evidence, and they should not
25   consider it as it is irrelevant to what they need to

|  |  |
|---|---|
| 1 | consider. The Defendant's -- the law as you read gave it to |
| 2 | the jury on willfulness was infringement knowing or |
| 3 | indifferent, and -- and what happened at the preliminary |
| 4 | injunction stage is not relevant to knowing or indifferent |
| 10:43:52  5 | infringement. |
| 6 | THE COURT: Okay. |
| 7 | MR. ANASTOS: You want to hear from me. |
| 8 | THE COURT: Yeah, you can sure. |
| 9 | MR. ANASTOS: We obviously disagree. The |
| 10:44:01 10 | first ground is that the jury's been instructed that |
| 11 | whatever I say or what Ms. Michelson say is not evidence. |
| 12 | THE COURT: Correct. |
| 13 | MR. ANASTOS: Secondly in her statement with |
| 14 | regard to willfulness she raised the issue we kept doing |
| 10:44:13 15 | this since the lawsuit was filed ongoing and frankly I |
| 16 | believe the denial of a preliminary injunction is relevant |
| 17 | probative of our intent during that time period. |
| 18 | THE COURT: But, that -- |
| 19 | MR. ANASTOS: I don't see any -- |
| 10:44:25 20 | THE COURT: That may be, but I know, there's |
| 21 | no evidence of that. |
| 22 | MR. ANASTOS: Right. |
| 23 | THE COURT: In the case. I don't remember any |
| 24 | testimony as to the denial of the motion for preliminary |
| 10:44:36 25 | injunction. So I told them that's what they should do, |

1 consider the evidence.

2 MS. MICHELSON: The impression that the jury
3 is left with as they go into their deliberation, however, is
4 that -- is that that is the truth and that is the unfairness
5 of the comment and that is the prejudice to Groeneveld that
6 that was gratuitously done in at the end in order to create
7 the prejudice that the jury is now --

8 THE COURT: Even assuming that that's true and
9 my instruction doesn't cure it, you know you probably should
10 have objected to it at the time for a curative instruction.

11 MS. ZUJKOWSKI: For the record too I don't see
12 this being any more prejudicial than the stricken exhibits
13 that the plaintiffs referenced during their closing argument
14 we had it to object to during the closing argument. She
15 referenced the stricken exhibit of Mr. -- the page about the
16 five-year out $2 million number, and I think that was Fava
17 more prejudicial than -- any interpretation of.

18 THE COURT: I don't think that was prejudicial
19 because she certainly could have referred to the testimony.
20 The exhibit just wasn't received. Okay. So -- hey don't go
21 out drinking now.

22 MS. MICHELSON: I'm not going anywhere.

23 THE COURT: It until we hear from this jury.

24 MR. MILLER: I want to say one thing.

25 THE COURT: Should I deny the smoker's break.

1    MR. MILLER: No. Mr. Anastos undermines his
2    own position when he stands up and argues it is relevant and
3    probative. By arguing it is relevant and probative, he's
4    saying it should be in evidence and since it's not in
5    evidence, he shouldn't have been allowed to argue it. Since
6    it's not in evidence, and he did argue it, and they did ask
7    about it, you should instruct them by giving them the answer
8    that they sought.
9    THE COURT: Okay.
10   MR. MILLER: Thank you.
11   MS. MICHELSON: Thank you, your Honor.
12   (Thereupon, a recess was taken.)
13   THE COURT: Have you reached your decision?
14   THE FOREPERSON: Yes, your Honor.
15   THE COURT: Thanks. Would you hand it to
16   Jeanie. Okay.
17       Do you find that Plaintiff Groeneveld proved by a
18   preponderance of the evidence that Lubecore willfully
19   infringed Groeneveld's trade dress in violation of the
20   Lanham Act? Yes, signed in ink by all 12 jurors, and dated
21   today's date.
22       Go through the same process and ask if I've correctly
23   read the answer Juror Number 1?
24   JUROR NUMBER 1: Yes, your Honor.
25   THE COURT: 2?

```
 1                  JUROR NUMBER 3:  Yes, your Honor.
 2                  THE COURT:  3?
 3                  JUROR NUMBER 4:  Yes, your Honor.
 4                  THE COURT:  4?
 5                  JUROR NUMBER 4:  Yes.
 6                  THE COURT:  5?
 7                  JUROR NUMBER 5:  Yes.
 8                  THE COURT:  6?
 9                  JUROR NUMBER 6:  Yes.
10                  THE COURT:  7?
11                  JUROR NUMBER 7:  Yes.
12                  THE COURT:  8?
13                  JUROR NUMBER 8:  Yes, your Honor.
14                  THE COURT:  9?
15                  JUROR NUMBER 9:  Yes, your Honor.
16                  THE COURT:  10.
17                  JUROR NUMBER 10:  Yes, your Honor.
18                  THE COURT:  11?
19                  JUROR NUMBER 11:  Yes, your Honor.
20                  THE COURT:  And 12?
21                  JUROR NUMBER 12:  Yes, your Honor.
22                  THE COURT:  That will conclude your service as
23   jurors on the case.  I want to take the opportunity to thank
24   you for the time and the effort that you spent.  Now we know
25   that you come down here and listened to some testimony
```

1056

1 that's conflicting and then followed the instructions of the
2 court to come up with a verdict that's consistent with the
3 evidence and the law. So you have a right to be proud of
4 the service that not only that you rendered to this case but
5 to our community and know that when there are disputes, that
6 people from all over the community come here and give a fair
7 hearing on those disputes and then come up with a fair
8 decision.
9 So you're released from the admonition I've given you.
10 Now, your verdict and your interrogatory answers speak
11 loudly and clearly for what you believe the state of the
12 evidence to have been. So it's not necessary that you make
13 any further comment.
14 I'll be back in a minute to answer any questions that
15 you might have. Thank you.
16 (Proceedings in the absence of the jury:)
17 THE COURT: Anything further on behalf of the
18 Plaintiff?
19 MS. MICHELSON: No, thank you.
20 THE COURT: Anything further on behalf of the
21 Defense?
22 MR. ANASTOS: First of off, I mean we're
23 still -- we're preserving the right to argue the damages
24 should be lowered. I mean can we agree to this for --
25 THE COURT: You can do whatever you want.

1  MR. ANASTOS: May we have a week to brief the
2  issue and come back and argue or we have to -- you want to
3  hear argument right now?
4  THE COURT: No. I'm going to enter the jury's
5  decision, and then you can do whatever you need to do.
6  MR. ANASTOS: Okay.
7  THE COURT: Okay? All right. Thanks.
8  MR. MILLER: Your Honor, thank you for the
9  time and the effort.
10  MR. ANASTOS: We are also going to renew our
11  Rule 50 motion.
12  THE COURT: Okay.
13  (Proceedings adjourned at 12:09 p.m.)

| | | |
|---|---|---|
| 1 | CLOSING ARGUMENTS ON BEHALF OF THE PLAINTIFF | 1044 |
| 2 | CLOSING ARGUMENTS ON BEHALF OF THE DEFENSE | 1045 |

3     C E R T I F I C A T E

4           I certify that the foregoing is a correct

5     transcript from the record of proceedings in the

6     above-entitled matter.

7

8

9

10    s/Shirle Perkins
      Shirle M. Perkins, RDR, CRR
11    U.S. District Court - Room 7-189
      801 West Superior Avenue
12    Cleveland, Ohio 44113
      (216) 357-7106
13

14

15

16

17

18

19

20

21

22

23

24

25