UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| LUBECORE INTERNATIONAL, INC., | ) ) | MEMORANDUM OPINION AND ORDER AND ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendant Lubecore International, Inc.'s ("Lubecore") Motion to Bar Plaintiff from Intentionally Misrepresenting the Scope of the Court's Injunction Order for Anticompetitive Purposes and for Sanctions (ECF #289) and on Plaintiff Groeneveld Transport Efficiency, Inc.'s ("Groeneveld") Motion to Show Cause Against Defendant and its Officers Jan and Linda Eisses. (ECF #306).

In its Motion Lubecore asserts that Groeneveld has sent a "Notice of Trade Dress Infringement" to Lubecore's distributors and other business partners which misrepresents the scope of the Permanent Injunction entered in this action by claiming that Lubecore's new, modified EPO single line greasing pump, which was not at issue in this action, infringes its trade dress and cannot be sold in the United States. Lubecore seeks an Order pursuant to the All Writs Act, 28 U.S.C. § 1651, barring Groeneveld from continuing to misrepresent the scope of the injunction order and awarding appropriate sanctions.

In its Motion, Groeneveld contends that Lubecore is violating the Injunction Order by distributing its new "modified" EPO single line greasing pump because the addition of the "stone shield" to the same pump continues to infringe Groeneveld's trade dress. Groeneveld also

contends that Lubecore allows or encourages trade industry publishers and ALS distributors to advertise, promote, and display the unmodified infringing pump in the United States. Groeneveld asks that the Court hold Lubecore and its officers in contempt of court for violating the injunction; order them to purge their contempt by stopping all domestic sales and marketing of and recall any sales of, Lubecore's EPO pump (both with and without the stone sleeve); assess monetary sanctions and award Groneveld compensatory damages and reasonable attorneys fees and expenses.

The core issue presented by both motions is the question of whether Lubecore's sales and distribution of its modified EPO pump violates the injunction entered by this Court. The wording of the injunction is very limited and applies only to the "manufacturing, producing, transporting, exporting, importing, offering for sale, selling, transferring, conveying ownership, distributing, advertising, marketing, promoting or displaying, in the United States, **the Lubecore pneumatic single line pump that was found by the Jury in this action to infringe the trade dress of Groeneveld's EPO pneumatic single line pump.**" After the injunction was entered Lubecore modified the external shape and appearance of its EPO pump by adding a stainless steel cover over the base that masks the shape of the base of the pump and functions as a stone guard that protects the pump from stones and other road debris. Lubecore states that to the best of its knowledge, all of the EPO single line pneumatic pumps now on sale in the United States have been upgraded with this modification.

Based upon the evidence before the Court, both from the briefing and the show cause hearing, Lubecore's modified pump does not infringe the trade dress of Groeneveld's EPO pneumatic single line pump. The modified pump has a different external shape and appearance

and is a safe distance from the trade dress of the pump that was found by the jury to have infringed Groeneveld's trade dress. See *Broderick & Bascom Rope Co. v. Manoff*, 41 F.2d 353 (6th Cir. 1930).

Further, the Court finds that Defendant complied with the injunction in a reasonably timely matter. While there might have been slight gliches, it is the Court's understanding that the infringing pump is no longer sold or advertised in the United States. Further, the Court notes that the injunction speaks for itself. No party is permitted or required to instruct third parties regarding what the injunction means. Accordingly, Defendant's motion to Bar Plaintiff from Intentionally Misrepresenting the Scope of the Court's Injunction Order for Anticompetitive Purposes (ECF #306) is granted in part in that Plaintiff is instructed not to send any further communications to third parties opining that Lubecore's modified pump violates the Injunction Order. As there is always some adjustment following the imposition of an injunction in a business setting, some minimal mistakes are to be expected. The infractions noted by Plaintiff are minor. As such, Plaintiff's Motion to Show Cause Against Defendant and its Officers Jan and Linda Eisses (ECF #289) is denied. Both parties' motions for attorney fees and sanctions are denied.

IT IS SO ORDERED.

DATED: *December 4, 2012*

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

3