UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) ) ) | CASE NO. 1:10 CV 702 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| LUBECORE INTERNATIONAL, INC., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's Application for an Award of Reasonable Attorney Fees and Litigation Expenses. (ECF #285).  The Court previously granted Plaintiff's Motion for Attorneys Fees and Expenses on April 4, 2012. (ECF #281) Accordingly, the only issue before the Court at this time is the amount of the attorney fee and expense award.  Plaintiff submitted the instant Application with supporting affidavits and exhibits to establish and support the amount of attorneys fees and litigation expenses requested on April 30, 2012. Thereafter, Defendant filed a Motion for Leave to conduct discovery on Plaintiff's requested attorney fees and expenses.  That motion was granted. Months later Plaintiff requested a ruling on Plaintiff's fee application as Defendant had not filed any objections.  Defendant objected to that request, and was given till the end of December 2012, to file its opposition to Plaintiff's fee request. Defendant filed its opposition on December 28, 2012 and requested an evidentiary hearing.  A hearing was held by the Court on February 1, 2013.

In determining the amount of a reasonable attorney fee award, a Court must make a

determination of the presumptive "lodestar amount" by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which has become known as the "lodestar analysis." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may adust the presumptive lodestar amount based upon the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Id.* at 434 n.9.*; U. S. Structures, Inc. v. J.P. Structures, Inc.,* 130 F.3d 1185, 1193 (6th Cir. 1997) *citing Hensley, supra* at 433*; Bendix Commercial Vehicle Systems, LLC v. Hal-Dex Brake Products Corp.,* 2011 U.S. Dist. LEXIS 19878, at *3-4 (N.D. Ohio Mar. 1, 2011)*; Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983)); *see also Johnson v. Georgia Highway Express, Inc*., 488 f.2d 714 (5th Cir. 1974).

In addition to the above factors, the Court may consider the degree of success obtained by the prevailing party. *Hensley* 461 U.S. at 436. "Where... a prevailing party 'has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation.'" *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988)(*quoting Hensley*, 461 U.S. at 435.).

Hours expended on a matter are "reasonable" when a reasonable attorney would have viewed the work as reasonable and necessary when it was performed. *Eppard v. Viaquest, Inc*., 2010 U.S. Dist. LEXIS 122769, at *16 (S.D. Ohio Nov. 2, 2010); *Wooldridge v. Marlene*

*Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990).

Generally, the reasonableness of the rates corresponds to the prevailing rates in the relevant community and focuses on the experience, training, and background of the individual attorneys, and is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)(citations omitted); *see also, Louisville Black Police Officers Organization, Inc. V. City of Louisville*, 700 F.2d 268, 277 (6th Cir. 1983).

In this case Plaintiff has requested an award of its reasonable attorney fees in the amount of $816,128.75 and an award of litigation expenses in the amount of $115,020.73. Plaintiff's application is supported by the Declarations of its counsel Deborah J. Michelson and David A. Kunselman and David A. Schaefer, and a paralegal Gail A. Heidenreich along with an Appendix of Exhibits in support of Plaintiff's Application for Attorney Fees and the Declaration of David A. Kunselman with attached Exhibits in support of Plaintiff's Application for Litigation Expenses.

Plaintiff's counsel asserts that they exercised the requisite "billing judgment" by reviewing their billing records and excluding substantial amounts of professional time properly spent on the case. Specifically, counsel elected not to include time spent and expenses incurred after February 29, 2012, despite the substantial time entries and significant work performed after that date. Accordingly, Plaintiff contends that the submitted hours for which fees are sought are presumptively reasonable.

Further, Plaintiff contends that the requested billing rates are reasonable and correspond to the prevailing market rates in this judicial district for lawyers and paralegals with comparable

3

qualifications and experience in comparable areas of practice. As such Plaintiff posits that its resulting Lodestar Amount is presumptively reasonable and that review of the twelve factors should not result in any downward adjustment of the Lodestar amount.

In opposition, Defendant focuses on the second and third parts of the *Hensley* test which direct a court to "exclude excessive, redundant, or otherwise unnecessary hours" and then to adjust the Lodestar amount to reflect the "result obtained." In reviewing the results achieved, a court should examine whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded and whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 433-434. Defendant does not dispute the reasonableness of the rates charged by Plaintiff's counsel. Rather, Defendant asserts that the result achieved by Plaintiff does not support the number of hours it took to achieve the result.

Plaintiff did not prevail on five of its six claims. If the claims on which Plaintiff did not prevail are related to the claims on which it did prevail, a downward adjustment to the presumptive lodestar amount is inappropriate and unwarranted. See *Hensley, supra* at 434-35 (declining downward adjustment due to interrelated nature of the facts and legal theories in the case); *Barnes v. City of Cincinnati*, 401 F.3d 729,745 (6th Cir. 2005) *quoting Hensley*, *supra* at 433 ("successful and unsuccessful claims are deemed related when they 'involve a common core of fats' [or] are 'based on related legal theories' or when counsel's time is 'devoted generally to the litigation as a whole, making it difficult to divide the hours expended'"). Thus, where a plaintiff's claims for relief involve a common core of facts or are based on related legal theories, counsel's time will be devoted generally to the litigation as a whole and the case cannot be

4

viewed as a series of discrete claims. In such cases, a court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley, supra* at 435.

In this case there is no argument that all six of Plaintiff's claims were premised on common facts and overlapping legal theories. The fact that only one claim of trade dress infringement under the Lanham Act went to the jury and five related claims did not, does not warrant a downward adjustment under *Hensley*.[1]

Instead our focus must determine whether Plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. After a long and hard fought battle, Plaintiff received a jury verdict in its favor on its claim of trade dress infringement under the Lanham Act and damages in the amount of $1,225,000.00. In addition, the Jury determined that Defendant's infringement was "willful." Finally, the Court entered a permanent injunction barring Defendant from directly or indirectly, manufacturing, producing, transporting, exporting, importing, offering for sale, selling, transferring, conveying ownership, distributing, advertising, marketing, promoting or displaying, in the United States, the Lubecore pneumatic single line pump that was found by the Jury in this action to infringe the trade dress of Groeneveld's EPO pneumatic single line pump. This was an excellent result and provided Plaintiff with virtually all the relief it sought.

Defendant tries to detract from the result by noting that Plaintiff's motion for a

---

[1] The same analysis is applied to claims of trade dress and trademark infringement, unfair competition, false designation of origin, and deceptive trade practices. *See, e.g. Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc*., 270 F.3d 298, n.2 (6th Cir. 2001) *citing Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 776 (1992); *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).

5

preliminary injunction was denied by the Magistrate Judge, the permanent injunction granted by this Court was not as broad as Plaintiff requested and that the fees and expenses sought equal more than three quarters of the damage award, excluding interest. Defendant further rehashes its belief (apparently backed by 26 intellectual property law professors) that the jury misapplied the law to the facts of the trade dress infringement claim and its hope that the verdict will be overturned on appeal.

    Defendant's arguments are unavailing.  Plaintiff's claims were all related and thus the Court will not parse hours spent on various claims.  In this instance, all of counsel's efforts were addressed to the litigation of the case as a whole.  Further, Defendant, despite months of time to take discovery on Plaintiff's fee request, has offered no evidence to support its proposed 50% reduction to be applied to expenses and fees. It proposes that all fees and expenses incurred in the "preliminary injunction" phase of the case as well as in the dispositive motion phase of the case be disallowed.  There is no basis for such disallowance.  As counsel for Plaintiff ably presented at the hearing on this matter, all of the work done in this action, including the preliminary injunction phase, led to the ultimate result.  Plaintiff's counsel learned from the preliminary injunction phase and addressed the short comings of its argument and proof which led to its ultimate success at trial.  The Court is well aware that every aspect of this case, from beginning to end, was bitterly contested requiring extensive work on both sides.  Careful review of Plaintiff's submissions convinces the Court that the number of hours spent on the litigation by Plaintiff's attorneys is well documented and reasonable under the circumstances. Defendant has failed to show that the Lodestar figure suggested by Plaintiff is not reasonable or should be reduced after evaluation of the twelve factors.

As a third option, Defendant suggested that the Court may use its equitable powers to stay resolution of this matter pending a decision of the Sixth Circuit on appeal of this action. In this way the parties would not need to bear the expense of another round of appeals that could be mooted if the Sixth Circuit reverses the underlying judgment. Plaintiff strenuously objected to any stay, asserting that this fee award has been delayed long enough due to Defendant's tactics. Even a brief consideration of the equities in this instance, shows that a stay would be inequitable. Judgment in the underlying action was entered on October 26, 2011. The post trial motions for a new trial and judgment not withstanding the verdict were denied on April 4, 2012 and Plaintiff's motion for attorney fees and litigation expenses was granted on the same date. It has now been 10 months since attorney fees and expenses were granted. It is more than time to finish this action in this Court. As such, the Court will not stay this decision.

After careful consideration of the evidence submitted by Plaintiff, as well as the briefs and argument submitted by both sides, the Court finds that Plaintiff's application for an award of reasonable attorney fees in the amount of $816,128.75 is well documented and fully supported by the evidence. Further, review of the twelve factors does not warrant a downward adjustment of the lodestar amount. Plaintiff achieved a level of success in this case that makes the hours expended by counsel to achieve this result a satisfactory basis for making this fee award

Moving on to Defendant's objections to the non-taxable litigation expenses requested by Plaintiff, the Court finds that Defendant's challenges are similarly deficient. First, Defendant asks that Creditor's Bill Costs of $225.00 be excluded because the collection action was premature and unnecessary as Defendant eventually deposited the full judgment amount with the Court and Plaintiff knew that Defendant intended to appeal and post a bond or deposit. While

Defendant did seek a stay of execution after Plaintiff initiated collection proceedings, given the acrimony between the parties it was not unreasonable for Plaintiff to act quickly to protect recovery of its judgment. In these circumstances this cost is not unreasonable.

Defendant also asks that document reproduction and legal research costs be reduced to those associated only with pursuit of the trade dress infringement claim. However, for the same reasons that the Court found that attorney fees cannot be apportioned among Plaintiff's claims in this action, no apportionment of costs is appropriate either in this instance.

Next, Defendant objects to witness costs for two expert witnesses Jennifer C. Wolfe and Burke Rosen & Associates on the grounds that the experts did not contribute to Plaintiff's success at trial. Specifically, Defendant contends that the Court sustained all of Defendant's objections to Ms. Wolfe's opinions and that Dr. Burke's testimony was duplicative and unnecessary. Defendant does not suggest that either expert was unqualified or that the rates charged were unreasonable, or that the time spent was unreasonable. Both experts testified at trial and it is impossible to determine what weight, if any, the jury ascribed to their testimony. Even Defendant acknowledges that Dr. Burke's presence gave credence to Plaintiff's damages. As such, the Court finds that Defendant has failed to demonstrate that the expert fees were unreasonable or that the experts did not contribute to Plaintiff's success.

Finally, Defendant objects to two dinner receipts totaling $329.15 submitted for Willem Van der Hulst on the basis that it is unreasonable to ask Defendant to pay for the witness' expensive dining preferences. The Court does not find that dinners at an Outback Steakhouse and at Steak on a Stone are "categorically unreasonable."  Further, Defendant offers no law in support of this contention.  As such, the Court will not consider it.

Plaintiff's well supported application for its reasonable litigation expenses in the amount of $115,020.73 is granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's Fee Application is granted and the Court awards Plaintiff attorney fees in the amount of $816,128.75 and litigation expenses in the amount of $115,020.73.

IT IS SO ORDERED.

                                                                                   /s/Donald C. Nugent
                                                                                  DONALD C. NUGENT
                                                                                  UNITED STATES DISTRICT JUDGE

DATED:___February 8 2013__