**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., | ) | CASE NO. 1:10 CV 702 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| LUBECORE INTERNATIONAL, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Award of Attorneys' Fees and Nontaxable Expenses. (ECF # 370).  Defendant argues that it is entitled to attorney fees under the Lanham Act because it was ultimately the prevailing party in an "exceptional" case. Alternatively, Defendant argues that the Court should award attorneys fees under its inherent authority because Plaintiff or its counsel have acted in bad faith to instigate or conduct the litigation. Essentially, assessing fees under this inherent authority would constitute "an appropriate sanction for conduct which abuses the judicial process." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

Under 15 U.S.C. § 1117(a), the court may award reasonable attorneys fees to a prevailing plaintiff or defendant in "exceptional" cases.  While the statute does not define "exceptional" for these purposes, the Sixth Circuit has held, in the context of applying § 1117(a) to a prevailing defendant, that an "exceptional" case is one "where a plaintiff brings a suit that could fairly be described as 'oppressive.' " *Eagles, Ltd. v. Am. Eagle Foundation*, 356 F.3d 724, 728 (6th Cir. 2004) citing *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 208 F.3d 212, No. 98-1143, 2000 U.S.App. LEXIS 3290, at *2 (6th Cir. Feb.

25, 2000) (unpublished).

> The Court further explained that:

>> Awarding attorney's fees to a prevailing defendant is meant to "provide protection against unfounded suits brought by trademark owners for harassment and the like." S.Rep. No. 93-1400 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7136. The [oppressive] test requires an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation. *See S Indus. v. Centra 2000, Inc*., 249 F.3d 625, 627 (7th Cir.2001) ("A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit."); *National Ass'n of Prof'l Baseball Leagues*, 223 F.3d at 1146-47 ("No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well.").

*Eagles, Ltd.*, 356 F.3d at 729.  However, an award of fees is inappropriate "[w]here a plaintiff sues under a colorable, yet ultimately losing, argument*." Id*. at 728 citing *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc*., 185 F.3d 606, 625 (6th Cir.1999).

Lubecore argues that Plaintiff's case lacked merit from the beginning and that Plaintiff filed it "with a predatory, anti-competitive purpose and to oppress and harass Lubecore." (ECF #370 at 4). While Lubecore ultimately prevailed on appeal in a 2-1 decision, Groeneveld survived summary judgment and prevailed at trial where a jury of twelve unanimously found willful infringement on the part of Lubecore. Although Lubecore asserts that the questions presented were not close and did not require "cutting edge" analysis, it is objectively apparent to this Court based upon the lengthy proceedings in this action that Plaintiff's claims were "colorable" and that the lawsuit was not

2

"unfounded."

Moving on to the subjective review of Plaintiff's conduct throughout the litigation, Defendant does not claim that Plaintiff prosecuted the action in an unusually vexatious or oppressive manner or that plaintiff's conduct unreasonably increased the cost of defending against the suit.  Rather, the crux of Defendant's argument is its assertion that Plaintiff, a larger corporation, brought this action to drive Lubecore, a smaller competitor, out of business.  Plaintiff notes that its witnesses at trial testified that Groeneveld brought this action to protect its well known trade dress, its corporate image, and its well known brand and argues that there is no bad faith here in Groeneveld who was merely seeking to defend rights and interests protected by a federal statute, even if it ultimately did not prevail.

There is no doubt that this long fought litigation was costly for both parties. It is also a fact that Groeneveld is much bigger and more established than its newer competitor Lubecore.  However, having found that Plaintiff's claims were at least colorable, the Court will not go on to conclude that Plaintiff had no right to press those claims in court or that its pursuit of those claims must have been in bad faith.  Indeed, any litigation between competitors may have some anti-competitive impact. Plaintiff's conduct in bringing and prosecution this action were not oppressive and thus do not support the assessment of attorneys' fees under §1117(a) of the Lanham Act.

Further, neither Groeneveld or its counsel engaged in sanctionable conduct during the litigation or unreasonably or vexatiously multiplied the proceedings. As such any sanction, including the assessment of attorneys' fees or non-taxable costs is not warranted under 28 U.S.C. §1927 or under the Court's inherent power.   Accordingly, Defendant's

3

Motion For Award of Attorneys' Fees and Nontaxable Expenses (ECF #370) is denied.

     IT IS SO ORDERED.


                            */s/Donald C. Nugent*
                            DONALD C. NUGENT
                            UNITED STATES DISTRICT JUDGE

DATED:  January 21, 2014

4