**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., ) | CASE NO. 1:10 CV 702 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| LUBECORE INTERNATIONAL, INC., ) | AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Bill of Costs. (ECF # 368). Defendant Lubecore was ultimately the prevailing party in this case and now seeks to tax costs in the amount of $31,670.57. Plaintiff Groeneveld objects to Defendant's Bill of Costs, asserting that costs should be denied because the case was "close and difficult" and because Lubecore failed to provide any supporting documentation of the submitted costs.

**Law and Analysis**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). However, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

The Sixth Circuit in *White & White* described circumstances in which a denial of costs is a proper exercise of discretion under Rule 54 including: (1) cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large;" (2) cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and, (4) cases that are "close and difficult." *White & White*, 786 F.2d at 730.  As Plaintiff argues, this case has been long and hard fought with victories on both sides.  Ultimately however, Defendant prevailed based upon application of long standing precedent.  As such, the Court will not exercise its discretion to overcome the presumption in favor of awarding costs to the prevailing party in this instance.

The costs to which a prevailing party is entitled are set forth in 28 U.S.C. § 1920, and include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Lubecore has submitted its Bill of Costs on a basic form which permits the party seeking costs to set forth an amount for each category and a total of all costs requested. The form also includes a declaration, which in this case is signed by Lubecore counsel Melissa Zujkowski, which declares "under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (ECF #368) Attached to the form are two pages appearing to be a print out from Ulmer & Berne LLP of a client invoice for Lubecore for various litigation costs including document reproduction, court costs, subpoena fees, deposition transcripts.  One column of numbers is headed by "Amount Relieved" and the second column is headed by "Billed Amount".  While the numbers in both columns and thus the total are the same on the first page, the numbers differ slightly on the second page such that the amount billed on page 2 is $11,118.11 while the amount relieved is $11,406.81.  The total of both pages under the billed amount column is $31,382.22 and the total under the amount relieved column is $31,670.92. The total amount of costs requested on the Bill of Costs is $31,670.57. Specifically, Lubecore seeks $1,829.97 as fees of the Clerk, $230 for fees for service of summons and subpoena, $20,405.65 for fees for printed or electronically recorded transcripts, $89.50 for fees for printing, $4,050.35 for fees for exemplification and copies and $5,065.57 for other costs.

Plaintiff objects to this minimal itemization of Defendant's costs and its failure to further detail each element of the amounts claimed.  Indeed, Defendant's supporting material is very sparse and does not give any details of exactly what copies were made or what deposition transcripts are included.  Indeed the form specifically requires that "other costs" be itemized,

3

which Lubecore failed to do. Thus, at a minimum, the $5,065.10 requested as "other costs" must be denied. While cognizant of the sparse support for its costs offered by Lubecore, the Court in this case has a long and somewhat unique experience with the costs associated with this litigation, having already considered and awarded costs to Plaintiff after the jury verdict. The costs sought by Defendant are in line with the costs initially awarded to Plaintiff. Thus, with the exception of the $5,065.10 in other costs, Lubecore's Bill of Costs will be granted.

## CONCLUSION

For the reasons set forth above, Defendant's Bill of Costs is granted in the revised amount
of $26,605.82.

IT IS SO ORDERED.


                                                               /s/Donald C. Nugent
                                                               DONALD C. NUGENT
                                                               UNITED STATES DISTRICT COURT

DATED: January 21, 2014